## THEO. SEIFRED *v.* PEOPLE'S BANK, ETC.

1. PLEADING. *Plea in abatement. Defective verification. When and how taken advantage of.* Objection to a plea in abatement for defective verification, comes too late at the hearing of the cause. The plea being insufficient in its averments, should have been taken from the files on motion; or stricken out on argument of its insufficiency for defect in its verfication, that the defendant might have amended. The objection was waived by waiting to make it at the hearing.

 Wilson *v.* Eifler, 7 Cold., 31.

2. SAME. *Plea. When to be supported by answer.* A plea which merely consists of a negative averment, denying the plaintiff's right, or the principal facts or circumstances upon which it is founded, should be supported by an answer, in those cases only, in which the bill states or charges facts by way of evidence of plaintiff's right.

 Daniels' Ch. Pl., 640.

3. SAME. *Joint plea and answer. When the latter overrules the former.* When a bill charges·that defendant has become insolvent, and has fraudulently disposed of, or is about fraudulently disposing of all his property; that is sufficient to give the Court jurisdiction to issue an attachment, and if the allegations of the bill stop there, a plea in abatement negativing the allegation, is sufficient to defeat the action without an answer; and in such case an answer will overrule the plea.

4. SAME. *Same. When the answer does not overrule the plea.* But when the bill proceeds further to charge "that defendant has conveyed to a trustee the whole of his property, except a lot of real estate, and that this was not conveyed, though attempted to be done, because of a defective description of it in the deed, and this defective description is relied on as the evidence of fraud, in support of the general allegation of fraud, on which the jurisdiction of the Court is invoked.

 *Held,* In such case the answer does not overrule the plea. Dan'l Ch. Pr., 639.

5. JUDGMENT. *Will be rendered for the debt, though fraud not established. When.* In cases where conveyances are attacked and sought to be set aside for fraud, if complainant fails to estab-

Theo. Seifred *v.* People's Bank, etc.

lish the fraud, the Court is required to give judgment for the debt. Code, Sec. 4,291 and 4,292.

6. SAME. *Will not be rendered for the debt. When.* But where there is no effort to set aside the conveyance for fraud, but the object is to reach by attachment a lot of ground which the defendant intended to convey, but which complainant alleges was not conveyed by the vagueness of its description.

*Held,* In such case complainant is entitled to no judgment for his debt.

FROM DAVIDSON.

Appeal from the Chancery Court. W. F. COOPER, Chancellor.

JOHN RUHM for Seifred.

G. P. THRUSTON for the Bank.

NICHOLSON, C. J., delivered the opinion of the Court.

Complainant claims to be a creditor of the People's Bank, as a depositor, and as such files his bill to attach certain real estate of the Bank, upon the allegation that the "Bank has become insolvent, and has fraudulently disposed of, or is about fraudulently disposing of all its property; that the said Bank has conveyed to one G. P. Thruston, as trustee, the whole of its property, with the exception of a portion of it which is hereinafter more fully described, with the intent of hindering, delaying, or defrauding its creditors." He alleges that the conveyance to G. P. Thruston, trustee, vaguely mentions real estate, but does not give any description whatever of said real estate. He avers that as to the interest in real estate described

in his bill, and which is sought to be attached, said conveyance is void for vagueness and uncertainty.

Upon these allegations an attachment issued, and was levied on the real estate referred to.

The defendant appeared and filed a joint plea in abatement and answer, under one affidavit. The plea denies the allegations, that defendant had fraudulently, or was about fraudulently to dispose of its property, and prays judgment whether defendant shall be compelled to make further answer, and that the bill be dismissed.

But, not waiving his foregoing plea, but relying thereon, and for better supporting the same, for answer repeats its denials of all charges of fraud, but on the contrary avers, that the conveyance to Thruston was made to preserve and protect the best interest of the creditors, complainant included. It is admitted that the real estate was not fully and particularly described in the deed, and insists that the description is sufficient to vest the title in Thruston. The deed is filed, and in it is the following description of the property conveyed: " The People's Bank hereby grants, bargains, sells, assigns and conveys to G. P. Thruston, *all the lands,* tenements, goods, chattels, money, property, rights, credits, effects and choses in action of every name, nature and description, belonging to the said Bank; a schedule of said assets is hereto appended." In the schedule is this: "Real estate, $1,500."

No proof was taken in the cause. Complainant took no steps to have the plea in abatement set down

for argument, nor was any motion made to take it from the files for insufficiency, nor was any replication filed to it.

The cause came on for hearing on bill, plea, answer, and deed of assignment, when complainant moved the Court to treat the plea in abatement as a nullity, because the affidavit thereto was insufficient, and because it is overruled by the answer. The Chancellor disallowed the motion, but adjudged that defendant's plea stood as if complainant had taken issue thereon as a good and sufficient plea, and as there was no proof sustaining the allegations of the bill, the same was dismissed. The Chancellor also refused to give complainant a judgment for his debt. Complainant has appealed.

The objection to the plea in abatement, for defect in its verification, came too late at the hearing of the cause. The plea is insufficient in its averments, and should have been taken from the files on motion, or stricken out on argument of its insufficiency for defect in its verification, that the defendant might have amended. Complainant waived his objection, by waiting to make it on the hearing. There was no error in the action of the Chancellor in refusing to treat it as a nullity, on account of the defective verification. *Wilson* v. *Eifler,* 7 Cold. 31.

It is next insisted that the Chancellor erred in not treating the plea in abatement as a nullity, on the ground that it was overruled by the answer. It is well settled that a plea which merely consists of

a negative averment, denying the plaintiff's right, or the principal facts or circumstances upon which it is founded, should be supported by an answer in those cases only, in which the bill. states or charges facts by way of evidence of the plaintiff's right. It is required in those cases, because the plaintiff has a clear right in equity to a discovery as to all matters within the knowledge of a defendant, which would enable him to support his case. Danl. Ch. Pl., 640. The plea and answer in the present case must be tested by this rule. The bill first charges that defendant has become insolvent, and has fraudulently disposed of, or is about fraudulently disposing of, all its property. Upon this allegation the attachment was prayed for under the Code. This was all that was necessary to give the Court jurisdiction. If the allegation had stopped here, the plea of defendant, negativing the allegations as it does, would have been sufficient to defeat the action, without an answer, and in that case an answer would have overruled the plea.

But complainant proceeds to charge that the defendant has conveyed to Thruston, as the trustee, the whole of its property, except a lot of real estate, and that this was not conveyed, although attempted to be done, because of a defective description of it in the deed. The evidence of fraud, as insisted by complainants, consisted in the fact that the defendants assumed, by the deed to Thruston, to convey all of its property, when, in fact, by misdescription, it did not convey the real estate.

Theo. Seifred *v.* People's Bank, etc.

We think it clear that these allegations were made as evidence in support of the general allegation of fraud, on which the jurisdiction of the Court was invoked. The complainant then prays that defendant answer the bill. The plea meets and negatives the charge that defendant has fraudulently sold, or is about to sell, all of its property ; and then, as a support of the plea, the defendant answers the allegation as to the conveyance to Thruston, to negative the inference of fraud furnished by that conveyance. Under the rule, if defendant had failed to answer and negative these allegations, they would have been evidence for complainant against his plea. Danl. Ch. Pr., 639.

We are therefore of opinion that the answer does not overrule the plea, and that there was no error in the refusal of the Chancellor to treat the plea as a nullity.

As already stated, the jurisdiction of the Court depended upon the truth of the allegation that defendant had fraudulently disposed of its property, or was about doing so. This allegation was denied by the plea, and complainant furnished no proof to sustain the allegation. Of course the jurisdiction failed, and the bill was properly dismissed.

The Chancellor refused to give complainant a judgment against defendant for his debt, and this is relied on as error. In cases where conveyances are attached and sought to be set aside for fraud, if complainant fails to establish the fraud, the Court is required to give judgment on the debt. Code, Sec. 4,291 and

4,292. But in this case there is no effort to set aside the conveyance for fraud, but the object is to reach by attachment a lot of ground which the defendant intended to convey, but which, complainant alleges, was not conveyed, by the vagueness of its description. In such case complainant was entitled to no judgment for his debt.

The decree is affirmed, with costs.