## J. S. GALLOWAY *v*. SHELBY COUNTY.

CORONER. *Fees of. By whom payable.* A coronor's inquest is no part of a criminal prosecution, and the costs of same are properly chargeable to the county and not to the State.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

LUKE E. WRIGHT for Galloway.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

The question presented in this record is whether the State or Shelby county is liable for the legal fees accruing to plaintiff as coroner, for an inquest held over the body of one Merideth Reeves.

The verdict of the coroner's jury was that said Reeves came to his death by unlawful and felonious violence, at the hands of one Monroe Klenck. Said Klenck was indicted for the murder, and the coroner presented his account to the judge of the criminal court for costs of inquest, and asked that the same be allowed and certified to the county court for payment. The court held that the county was not liable for the costs of a coroner's inquest, but that the State was, and Galloway, the coroner, has appealed.

The coroner is a county officer, appointed by the county court, and charged, amongst other things, with the duty of summoning a jury to enquire into the cause of the death of any one who has come to his death by accident, by unlawful violence, or by any suspicious cause: Code, sec. 5294 *et seq.*

The fees for this service are fixed by statute, but it is not expressly provided how they shall be paid. But by reference to secs. 5314 to 5317 of the Code, inclusive, it will be seen that the statute directs the expenses incident to the burial of deceased shall be paid out of the county treasury if he left no effects. If the deceased left money or effects, they were to be delivered to the county trustee, to be placed to the credit of the county, and it might be demanded and paid over to the legal representatives. of deceased within six years thereafter, or after that time, if so ordered by the county court, the trustee first deducting the fees of the coroner, expenses of burial, and three per cent. commissions for himself.

It would seem from the provision of the statute directing the coroner's fees to be retained in the county treasury, that it must have been assumed that the county had theretofore paid or would thereafter pay such fees. Otherwise, there could be no ground upon which such fees could have been justly and rightfully retained by the county in its treasury and to its credit.

And although the coroner may, upon the finding of his jury, arrest a person implicated and have him taken before a magistrate, yet the proceeding is not instituted as a criminal prosecution against any par-

ticular person, but as an inquiry instituted to ascertain the cause of death and circumstances attending it, whether it be occasioned by accident or violence.

We are of opinion, therefore, that the coroner's inquest is no part of a criminal prosecution, although it may discover facts which may lead to one; but it is, as its terms import, an inquiry, to ascertain the cause and circumstances attending the death, and is a proceeding the expenses of which are chargeable to the county and not to the State. The judgment will be reversed as against the State. But this not being a criminal prosecution, there is no authority in law for the criminal court, or its judge and attorney-general to certify the bill of costs to the chairman or judge of the county court, as required in secs 5569–70 of the Code, in criminal cases.

The result is that the judge did not err in refusing to render judgment against the county, and the account must be presented to the county court. Appellant will pay costs of this court and court below.