BALLARD *v.* HUTCHINSON.

*(Knoxville,* September Term, 1935.)

Opinion filed Nov. 23, 1935.

RAULSTON & RAULSTON, of South Pittsburg, for plaintiff in error.

SIZER, CHAMBLISS & KEFAUVER, of Chattanooga, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Plaintiff sued defendant, a resident of Mississippi, in the circuit court of Marion county. The suit came on for trial October 13, 1934, with defendant in attendance. Plaintiff took a nonsuit, and before defendant left the jurisdiction instituted another suit on the same cause of action and had process served on defendant. The trial judge sustained defendant's plea in abatement, and plaintiff has appealed.

It is conceded that in Tennessee a suitor, plaintiff or defendant, or a witness, from a foreign jurisdiction, is exempt from the service of civil process while attending court and for such reasonable time before and after trial as may enable him to go from and return to his home. See *Anderson* v. *Atkins*, 161 Tenn., 137, 29 S. W. (2d), 248, and cases therein cited.

Plaintiff insists, however, that this rule is not to be applied here for two reasons:

First, because it is said that this is not a new action, but the same cause of action which defendant was required to appear in this state to defend.

This contention must be overruled on the authority of *Purnell* v. *Morton Live Stock Co.*, 156 Tenn., 383, 1 S. W. (2d), 1013. In that case suit was brought against a nonresident by original attachment levied on certain property. While in the jurisdiction to attend the hearing of the attachment suit, a summons was issued and served on defendant, the summons issuing as leading process, not ancillary to the attachment. The attachment was later dismissed. It was thereupon held that the suit must be abated in so far as it rested on the summons served on

defendant during the time he was attending court looking after the attachment suit.

The point decided in *Purnell* v. *Morton Live Stock Co.*, *supra*, is that a defendant attending court in response to one leading process is not subject during that time to service of another leading process, and it is not material that the cause of action is the same. The immunity of a suitor and a witness is the same, and the statute with reference to the immunity of a witness is very broad.

Code, section 9798: "During the attendance of any person summoned as a witness, and during the time that he is going to and returning from the place of such attendance, allowing one day for every thirty miles of travel, no writ, process, warrant, order, judgment, or decree in any civil cause, subpoena to testify as a witness only excepted, shall be served upon him."

It will be observed that, during the attendance of a witness and during the time that he is going to and returning from court, he is exempt from the service of any writ or process except a subpœna to testify.

Plaintiff's second proposition is that the plea in abatement herein shows that defendant appeared by attorneys only, and it is urged that a defendant must in person challenge the jurisdiction of the court over his person. Such was the old rule. *Shelby* v. *Johnson*, 26 Tenn. (7 Humph.), 503.

This rule was modified by a later holding that the plea might be verified and signed by attorney if it purported to be a plea of the defendant in person. *Bank of Tennessee* v. *Anderson*, 35 Tenn. (3 Sneed), 669, 672.

Still later the court considered a plea in abatement commencing with the statement that defendant comes by attorney as well as in his own proper person. This plea

was held good on two grounds: First, the plea having stated that the defendant came in person, the statement that he came by attorney as well could be disregarded as surplusage. Continuing, however, the court said:

"Besides, under the law as it now stands, by which all formal objections to pleadings are abolished, this court is forbidden to reverse except for matter of substance, and all pleadings held good that in plain language state a substantial cause of action or defense, it may well be doubted if it is not certainly true whether such an objection would now be good in any case. The matter of the plea is good. The objection is merely to the form in which it is stated." *Turley* v. *Hornsby*, 71 Tenn. (3 Lea), 264.

In the case just quoted, the court had in mind section 8729 of the Code (section 2884 of the Code of 1858) providing that any pleading was sufficient which conveyed a reasonable certainty of meaning and which by a fair construction showed a substantial cause of action or defense; and the court also had in mind section 10653 of the Code (section 4516 of the Code of 1858), providing that no judgment of an inferior court should be reversed except for errors which affected the merits of that judgment.

Since the decision in *Turley* v. *Hornsby*, *supra*, chapter 32 of the Public Acts of 1911 was passed, carried into the Code at section 10654, which, in language even broader than the language of section 10653, forbids a reversal of the judgment of a lower court for any error that did not affect the result.

Upon the authority of *Turley* v. *Hornsby* and the statutes just mentioned, we must overrule the plaintiff's second assignment of error.

The judgment of the court below is affirmed.