Sewanee, etc., Co. v. Williams.

SEWANEE COAL, COKE & LAND COMPANY *v.* W. W. WIL-
LIAMS & COMPANY.*

(*Nashville.*    December Term, 1907.)

1. **PROCESS.** Witnesses are exempt from civil process regardless
   of statute, when.

   The exemption from service of civil process while one is in at-
   tendance upon court as a witness in obedience to order of the
   court exists independent of statute, and the exemption is to be
   most liberally construed when the defendant brings himself
   clearly within the rule.  (*Post, pp.* 342-344.)

   Cases cited and approved:  Parker v. Marco, 136 N. Y., 585, and
   citations; Mullen v. Sanborn, 79 Md., 364, and citations; Holmes
   v. Nelson, 1 Phila. (Pa.), 217; Andrews v. Lembeck, 46 Ohio
   St., 38, and citations; Bridges v. Sheldon (C. C.), 7 Fed. 44;
   Larned v. Griffin (C. C.), 12 Fed., 592.

2. **SAME.** Witnesses are exempt from civil process under our
   statute; abatement of suit under plea in abatement.

   Under our statute, a civil suit may be abated under a plea in
   abatement with the required strictness and accuracy, where
   the process of summons was served upon the defendant while in
   attendance at court under a summons as a witness. (*Post, pp.*
   341, 342, 346.)

   Code cited and construed:  Sec. 5616 (S.); sec. 4581 (M. & V.);
   sec. 3828 (T. & S. and 1858).

   Cases cited and approved:  Martin v. Ramsey, 7 Humph., 261;
   Baker v. Compton, 2 Head, 471.

3. **SAME.** Same. Exemption of witnesses from service of proc-
   ess applies to officers of corporations as well as to  individuals.

   The exemption of a witness from the service of process while in

---

*Privilege of nonresident witness from suit, see note to Mullen
v. Sanborn (Md.), 25 L. R. A., 721.

attendance as such applies to a suit against a corporation, with service of process on its officer while a witness, as well as to a suit against such officer as an individual while a witness. The person served with process is interested, whether served as an individual or as an officer of a corporation. (*Post, pp.* 344, 345.)

Case cited and approved: Mulhearn v. Publishing Co., 53 N. J. Law, 153.

Case cited and disapproved: Fertilizer Co. v. Krish (Ky.), 74 S. W., 269.

4. **SAME. Same. Exemption of witnesses from service of process applies to witnesses attending federal courts as well as State courts.**

The exemption of a witness from the service of civil process, while attending court as a summoned witness under our statute, applies to witnesses summoned before the federal courts, as well as before the State courts. (*Post, pp.* 345, 346.)

Cases cited and approved: Thompson's Case, 122 Mass., 428; Greer v. Young, 120 Ill., 189.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County.—JOHN W. CHILDRESS, Judge.

A. L. DAVIS, for plaintiff in error.

W. F. DAVIS and JAMES S. PILCHER, for defendants in error.

MR. SPECIAL JUSTICE HENDERSON delivered the opinion of the Court.

This is an action by defendant in error in the circuit court of Davidson county, begun by service of summons in Davidson county on Earl Martin, secretary of plaintiff in error, a corporation with its situs in Coffee county. At the time of the service Martin was in Davidson county in attendance before the United States circuit court under subpoena to appear before the grand jury in that court. Plaintiff in error files plea in abatement to the summons, claiming exemption of its secretary from service of process while in Davidson county in obedience to said subpoena. There was demurrer to this plea on a number of grounds, which was sustained by the circuit court; and plaintiff in error has appealed.

The case is before the court on the sufficiency of this plea. No question is made as to whether the court of Davidson county could obtain jurisdiction of a corporation with its situs in Coffee county by service of summons on its secretary in Davidson county. So we treat the case as presenting the single question of the plea and demurrer.

Chapter 1 of the Acts of 1794 on the subject is the re-enactment of section 44, c. 2, of the Acts of 1777 of the general assembly of North Carolina, and is carried forward in our Code of 1858 as section 3828 (Shannon's Code, sec. 5616), which is as follows:

"During the attendance of any person summoned as a witness, and during the time that he is going to and returning from the place of such attendance, allowing one day for every thirty miles of travel, no writ, process, warrant, order, judgment or decree in any civil cause, subpoena to testify as a witness only excepted, shall be served upon him."

In *Martin* v. *Ramsey*, 7 Humph., 261, it is said that the object and policy of the statute is "to enforce and secure prompt and punctual attendance of witnesses —an object not likely to be obtained if suits could be commenced against them, or other process be served upon them, during the time of their attendance. This privilege of the witness is by no means limited to mere exemptions from arrest. The most general and comprehensive terms are used in the statute, and the only exception made is that of a summons of a witness, and that exception gives significance and effect to the plain and obvious terms of the act."

In *Baker* v. *Compton*, 2 Head, 471, it is held that strictness and accuracy are required in such plea. The plea in the case at bar, by its averments, comes up to the requirements of that case. ·

This exemption from civil process while in attendance as a witness in obedience to order of court exists independent of statute, and it has had a most liberal construction when defendant brings himself clearly within the rule.

In *Parker* v. *Marco*, 136 N. Y., 585, 32 N. E., 989, 20

L. R. A., 46, 32 Am. St. Rep., 770, it is said by the New York court of appeals:

"The privilege of a suitor or witness to be exempt from service of process while without the jurisdiction of his residence for the  purpose of attending court in an action to which he is a party, or in which he is to be sworn as a witness, is a very ancient one.    It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved.    It is not simply a personal privilege, but it is also the privilege of the court, and it is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice"—citing *Person* v. *Grier,* 66 N. Y., 124, 23 Am. Rep., 35; *Matthews* v. *Tufts,* 87 N. Y., 568.

To the same effect are *Larned* v. *Griffin* (C. C.), 12 Fed., 592; *Bridges* v. *Sheldon* (C. C.), 7 Fed., 44.

Quite a number of authorities on the subject are cited under the case of *Mullen* v. *Sanborn,* 79 Md., 364, 29 Atl., 522, 25 L. R. A., 721, 47 Am. St. Rep., 421, among them *Holmes* v. *Nelson,* 1 Phila. (Pa.), 217, where it is said that it is very important and right that persons leaving the  place of their domicile to attend such duties in obedience to a direct or indirect requirement of law should be protected by the law, while so engaged, from being caught up to answer to actions brought in a different place from that of their domicile.

In *Andrews* v. *Lembeck*, 46 Ohio St., 38, 18 N. E., 483, 15 Am. St. Rep., 547, it is said that "the suitor should feel free and safe at all times to attend within any jurisdiction,, without incurring the liability of being picked up and held to answer some other adverse judicial proceeding against him, is so far a rule of public policy that it has received almost universal recognition wherever the common law is known and administered. A resident of another State or county, who has in good faith come into a State as a witness to give evidence in a cause, is exempt from service with process for the commencement of a civil action against him."

Quite a number of authorities are cited in support of this last proposition.

While the general rule is well settled, it is argued for defendant in error that it does not apply in this case, because the witness Earl Martin is not sued in his individual capacity, but as an official of the corporation. The case of *Currie Fertilizer Co.* v. *Krish* (Ky.), 74 S. W., 269, is cited in support of this. While the case does so hold, it is against the weight of authority, and is not controlling.

Jurisdiction can be obtained of the corporation only by service of process on its officers or agents, who are presumed to be interested in the corporation. We see no reason why the exemption should not apply to a suit against the corporation, with service of process on its officer, as well as if it were a suit against the individual. He is interested in either event.

The case of *Mulhearn* v. *Press Publishing Co.,* decided by the New Jersey court and reported in 53 N. J. Law, 153, 21 Atl., 186, 11 L. R. A., 111, is directly in point and well considered. The rule in that State is in accord with the line of authorities cited above.

The court says:

"When a person happens to be an agent or officer, a service upon whom is a service upon a corporation in a foreign jurisdiction, service upon him in his representative capacity is quite as likely to be inimical to the rule of privilege as if the service was made in an action brought against the officer personally. The interest of the officer in the corporation which he represents would naturally deter him from a course of conduct which would operate to the prejudice of his corporation. The repugnance of an officer to having his corporation drawn into litigation in a foreign jurisdiction would be quite as likely to keep him at home as if it was merely the danger of service in a personal action."

This reasoning is sound, and certainly within the spirit of the rule. If Martin, in the case at bar, was not an officer of the corporation, had no interest therein, service of process on him would not have given jurisdiction of the corporation.

It is further insisted that our statute was not intended to protect witnesses in attendance at a federal court. The same rule applies in such cases, regardless of whether the witness is summoned before the State or federal court. It is held in *Thompson's Case,* 122

Mass., 428, 23 Am. Rep., 370, that witnesses attending in good faith any legal tribunal, whether a court of record or not, having power to pass upon the right of the person attending, are privileged from civil process.

In *Greer* v. *Young*, 120 Ill., 189, 11 N. E., 167, it is said:    "The privilege is granted in all cases where the attendance of the party or witness is given in any matter pending before a lawful tribunal having jurisdiction of the cause."

It results that the judgment of the circuit court, sustaining the demurrer to the plea in abatement of plaintiff in error, is reversed, and the cause is remanded for further proceedings; the costs of appeal to be paid by defendants in error.