EUGENIA NAOMI JETT *v.* WILLIAM W. JETT.*

(*Nashville.* December Term, 1926.)

Opinion filed June 13, 1927.

CIVIL PROCESS SERVICE.   Privilege of suitors.   Foreign jurisdiction.

The general rule is that suitors, plaintiff or defendant, from a foreign jurisdiction, are exempt from the service of civil process while attending courts. (Post, p. 474.)

Citing: Sofge v. Lowe, 131, Tenn., 626, 628; Sewanee, etc., Coal Co. v. Williams, 120 Tenn., 339, 107 S. W., 968; 32 Cyc. 493-494.

---

*As to exemption of suitor or witness from service of process while in intermediate state en route to or from trial, see annotion in L. R. A., 1916A, 738; 21 R. C. L., 1306; 3 R. C. L. Supp., 1225; 4 R. C. L. Supp., 1446; 5 R. C. L. Supp., 1188; 6 R. C. L. Supp., 1307.

---

*Headnotes 1.   Process, 32 Cyc., p. 492; 2.   Process, 32 Cyc., p. 493.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County.—HON. D. W. DEHAVEN, Chancellor.

FELIX O. COX and R. I. MOORE, for appellant.

T. B. PASSMORE and J. O. BOMER, JR., for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The bill in this cause was filed by appellant, Eugenia Naomi Jett, for divorce, disclosing that the parties re-

sided in Knox County, and that a separation took place in that county in February, 1926, after which the complainant removed, with her two children, aged six and four years, respectively, to Memphis, Shelby County, where the bill was filed.

The defendant interposed a plea in abatement on the ground that he was a resident of Knox County, and process was served on him in Shelby County while he was in the latter county for the sole and only purpose of prosecuting and testifying as a material witness in a proceeding for the writ of *habeas corpus* instituted by him against Father O'Neal and others for the purpose of regaining possession and custody of his two children named in the bill for divorce; process having been served on him in the Shelby County Courthouse during the hearing of the *habeas corpus* case in the Third Division of the Circuit Court.

The plea averred that said children were wrongfully and without authority taken from the possession of the defendant and placed in a certain home in the city of Memphis.

This plea in abatement was sustained by the Chancellor and a decree was entered dismissing complainant's suit.

In *Sofge* v. *Lowe*, 131 Tenn., 626, 628, this court said:

"The general rule is that suitors, plaintiff or defendant, from a foreign jurisdiction, are exempt from the service of civil process while attending court, and for such reasonable time before and after trial as may enable them to go from and return to their homes. *Sewanee, etc., Coal Co.* v. *Williams*, 120 Tenn., 339, 107 S. W., 968; 32 Cyc., 492, 494."

In other jurisdictions there is to be found conflict of opinion as to whether this exemption from service of civil process is limited to witnesses and not extended

to parties to litigation. This court has declined to limit the principle to witnesses, and we are well satisfied to adhere to the previous decisions on this subject.

If the defendant conceived that his children were wrongfully and without authority taken from his possession by his wife and placed in an institution in the city of Memphis, it was certainly his right, if not his duty, to resort to legal means to establish his right to their possession and custody. It was necessary that he resort to the courts of Shelby County for this purpose, and to permit him to do so without rendering himself subject to process in a suit for divorce in a county other than that of his residence, is well within the reason of the rule applied in *Sofge* v. *Lowe*, supra, and *Sewanee Coal Co.* v. *Williams*, 120 Tenn., 339.

Neither the issues nor the subject-matter in the *habeas corpus* proceeding were the same as those involved in the suit for divorce. While it is customary for a divorce decree to provide for the custody of infant children, such custody is not necessarily awarded to the party successful in the divorce, and the award of custody is merely incidental to the severing of the bonds of matrimony.

The decree of the Chancellor will be affirmed.