B. R. Purnell and J. T. Flippen *v.* Morton Live Stock
Co., *et al.*[*]

(*Nashville.*   December Term, 1927.)

Opinion filed February 4, 1928.

**1. ATTACHMENT.  PLEA IN ABATEMENT.  MOTION TO DIS-
MISS.  SPECIAL APPEARANCE.**

A plea in abatement and a motion to dismiss an original attachment
operates only as a special appearance.   (Post, p. 385.)

Citing: Hurst-Boillin Co. v. Kelly, 146 Tenn. (9 Thomp.), 251.

**2. ATTACHMENT.  JURISDICTION.  DISMISSAL.  LEADING
WRITS.**

A dismissal of an original attachment suit would destroy the attach-
ment writ as a leading process and end the suit because juris-
diction was dependent upon  the attachment.   (Post, p. 386.)

**3. ATTACHMENT.  SUMMONS.  LEADING WRITS.**

Without reference in the summons to an antecedent attachment as
provided by law there is nothing to identify an original attach-
ment and a summons subsequently issued as belonging to the same
suit.   There could not be two leading writs in the same suit
against the same defendants.   (Post, p. 386.)

Citing: Shannon's Code, 1917 Edition, sec. 5223; Walker v. Cotton,
65 Tenn. (6 Baxt.), 256.

**4. SUMMONS.  ORIGINAL ATTACHMENT.  JURISDICTION.**

There is nothing in our law evincing a purpose to subject a suitor,
brought into the jurisdiction of the court, to challenge the
validity of an original attachment suit, to service of process, and
a judgment without valid personal service of process against a
non-resident is only good so far as it affects the property brought
under control of the Court by attachment.   (Post, p. 386.)

Citing: Shannon's Code, 1917 Ed. secs. 5222, 5223.

**5. SUMMONS. ORIGINAL ATTACHMENT.**

When a summons issued simultaneously with a writ of attachment is served upon a defendant under circumstances that subject him to personal service, the summons becomes the leading process, the attachment becomes ancillary and the amount of recovery is not limited to the value of the property attached. (Post, p. 387.)

Citing: Paper Co. v. Shyer, 108 Tenn. (24 Pick.), 444; Bivins v. Mathews, 66 Tenn. (7 Baxt.), 257.

**6. JUDGMENT. ORIGINAL ATTACHMENT. SUMMONS.**

To authorize a valid judgment in excess of the value of property impounded by the attachment writ, summons must be served under circumstances that bring the party into Court and subject him to its jurisdiction by process valid in its issuance and service. (Post, p. 387.)

**7. ATTACHMENT. SUMMONS. PLEA IN ABATEMENT. DEMURRER. EXEMPTION FROM SERVICE.**

A suitor, whether plaintiff or defendant, from a foreign jurisdiction is exempt from the service of civil process while attending Court and for a reasonable time before and after the trial. (Post, p. 388.)

Citing: Sofge v. Lowe, 131 Tenn. (4 Thomp.), 626; Jett v. Jett, 295 S. W., 65.

---

*Headnotes 1. Attachment, 6 C. J., section 1128; 2. Attachment, 6 C. J., section 1085; 3. Process, 32 Cyc., p. 447 (Anno.); 4. Judgments, 33 C. J., sections 49, 51; 5. Pleading, 31 Cyc., p. 333; 6. Process, 32 Cyc., p. 492.

---

## FROM WILSON.

---

Appeal from the Circuit Court of Wilson County.— Hon. ALBERT WILLIAMS, Judge.

W. S. FAULKNER, for plaintiff in error.

T. G. HINSON, W. R. CHAMBERS and W. B. WILLIAMS, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiffs appealed from the action of the trial judge sustaining defendants plea in abatement and dismissing the suit. A preliminary statement is required to present the determinative facts.

Plaintiffs alleging debt by damages for $2500 sued out an original attachment on April 7, 1923, against Morton Live Stock Company, a partnership composed of George B. Croy, and Tom McGough, non-residents of Tennessee. The attachment was levied under Section 5219, Shannon's Code, by garnishment to impound the proceeds of checks issued upon American National Bank, and Commerce Union Bank, both of Lebanon, payable to Morton Live Stock Company. The checks passed by endorsement from the company to a bank in Mississippi, and were forwarded in due course for payment. Defendants who endorsed the checks were responsible as such endorsers, and employed counsel at Lebanon to test the validity of the attachment proceeding, and through George B. Croy, one of the partners made a special appearance by plea in abatement and motion to dismiss.

While this matter was pending and before the motion to dismiss the attachment suit was sustained, a summons was issued and served on Croy who had come from his home in Mississippi to Lebanon. The summons was issued and served on April 19, 1926. It commanded the Morton Live Stock Company, George B. Croy, and Tom McGough to answer the complaint of Ben R. Purnell and J. T. Flippen in an action for $2500. It contains no suggestion of an antecedent or attending attachment. May 11, 1926, another writ of attachment was issued. It is not identified as ancillary to the summons.

(1) The plea in abatement and motion to dismiss the original attachment operated only as a special appearance (*Hurst-Boillin Co.* v. *Kelly,* 146 Tenn., 251, 6 C. J.,

156 Tenn.—26.

477), and (2) a dismissal of the original attachment suit would destroy the attachment writ as a leading process and end the suit, because jurisdiction was dependent upon the attachment and when it failed the suit failed. (3) Without reference in the summons to an antecedent attachment as provided in Section 5223, Shannon's Code, there is nothing to identify the original attachment writ of April 7, and the summons of April 19, as belonging to the same suit. There could not be two leading writs in the same suit against the same defendant. Walker v. Cottrell, 6 Bax., 256.

The original attachment suit commenced April 7, with the attachment writ as its leading process was finally disposed of in a judgment of dismissal entered May 15, 1926. George B. Croy pleaded in abatement of the action whose leading process was the summons of April 19, 1926, that he was present as a suitor when the summons was served, and, therefore, not subject to process. The plaintiffs demurred to his plea. When the demurrer was overruled they refused to plead over, and the statements of the plea were taken as confessed, the plea sustained and the suit abated. From this judgment of the Court plaintiffs appealed and through assignment of error insist that defendant Croy did not occupy the attitude of a suitor exempt from process, because the suit was commenced by original attachment and in such suit our Statute authorizes the issuance of summons to be served upon a defendant who comes into the jurisdiction of the Court. It of course depends upon whether under the circumstances valid service can be had so as to make the summons leading process and the attachment only ancillary.

(4) Nothing in Sections 5222, 5223, Shannon's Code, evinces a purpose to subject a suitor, brought into the

jurisdiction of the court, to challenge the validity of an original attachment suit, to service of process. This provision refers to and depends upon a course of legal proceeding according to established rules of jurisprudence and procedure for the enforcement and protection of private rights, and of course must recognize the rule that a judgment without valid personal service of process against a non-resident is only good so far as it affects the property brought under control of the Court by attachment.

(5) When summons issued simultaneously with a writ of attachment is served upon a defendant under circumstances that subject him to personal service, the summons becomes the leading process in the case and the amount of the recovery is not limited to the value of the attached property under the attachment writ which became ancillary upon service of summons. See *Paper Company* v. *Shyer,* 108 Tenn., 444; *Bivins* v. *Mathews,* 7 Bax., 257.

(6) To authorize a valid judgment in excess of the value of property impounded by the attachment writ, summons must be served under circumstances that bring the party into Court and subject him to its jurisdiction. It must be a valid process in its issuance and service.

It is recited in the plea in abatement to the action commenced by summons, that defendant Croy, a resident of Mississippi, left home on April 18, 1926, for the purpose of attending Court at Lebanon, Tennessee, beginning April 19, and to confer with counsel and make defense to the original attachment suit commenced on April 7; and that he was at Lebanon engaged in this business with his attorneys when the summons was served on him Monday, April 19, 1926, and he avers that he was not subject to process while in attendance as a suitor.

*(7)* The original attachment suit was brought to subject choses in action of a non-resident defendant. The jurisdiction of the Court was invoked and obtained through averments that the defendants were non-residents. When the original attachment suit was dismissed, the plaintiffs suit with jurisdiction dependent upon the attachment, went out. The facts set forth in the plea and admitted to be true by the demurrer show that Croy was a non-resident brought into the jurisdiction of the Court and engaged in making defense to the original attachment suit.

In *Sofge* v. *Lowe,* 131 Tenn., 626, the Court held that suitors, whether plaintiff or defendant, from a foreign jurisdiction are exempt from the service of civil process while attending Court and for a reasonable time before and after the trial.

In *Jett* v. *Jett,* 295 S. W., 65, the Court reaffirmed the holding of *Sofge* v. *Lowe,* with the statement that in other jurisdictions there is to be found conflict of opinion as to whether the exemption is limited to witnesses. The Court stated that this Court had declined to limit the principle to witnesses and would adhere to the previous decisions.

The facts of this case fall clearly within the rule of both cases above referred to, and the judgment of the trial Court must be affirmed.