S. W. Anderson *v.* R. L. Atkins.

(*Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

138

J. B. DANIEL and J. G. STEPHENSON, for plaintiff in error.

SEAY, 'STOCKELL, EDWARDS & KEEBLE and HORACE STOUT, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought in Davidson County against the defendant, a resident of Montgomery County, and was dismissed below. The defendant was in Davidson County for the purpose of appearing as a defendant in a criminal prosecution when he was served with process in this civil suit. Pleadings were filed properly raising the question and the trial judge held that defendant was immune from the service of process in a civil case in Davidson County while in that county for the purpose indicated.

It is settled in Tennessee that a suitor, plaintiff or defendant, or a witness, from a foreign jurisdiction, is exempt from the service of civil process while attending court and for such reasonable time before and after trial as may enable him to go from and return to his home. *Sewanee, etc., Coal Co.* v. *Williams,* 120 Tenn., 339; *Sofgee* v. *Low,* 131 Tenn., 626; *Jett* v. *Jett,* 155 Tenn., 473; *Purnell* v. *Morton Live Stock Co., et al.,* 156 Tenn., 383. This rule is applied in the case of a witness

or suitor from another county as well as a witness or suitor from another state.

The rule is designed to guard against the intimidation of witnesses or parties, lest they be prevented from attending court and a speedy and orderly administration of justice be obstructed. It is said that this exemption is for the protection of the courts as well as by way of a privilege to individuals.

The question here is whether the immunity extends to a defendant in a criminal case. This court has not heretofore considered this question.

The decisions of other courts are in irreconcilable conflict. The cases are collected in Notes 14 A. L. R., 771, 40 A. L. R., 93, 46 A. L. R., 316.

Corpus Juris, vol. 5, p. 466, states the general rule to be that a defendant attending his trial on a criminal charge, and while coming into or going out of the jurisdiction, does not have this exemption. Ruling Case Law, vol. 21, p. 313, states the general rule to be to the contrary.

Recent cases sustaining the immunity as to defendants in criminal cases are *Church* v. *Church* (App. D. C.), 270 Fed., 361; *Rieglar* v. *Kalamazoo Circuit Judge*, 222 Mich., 421; *Whited* v. *Phillips* (W. Va.), 40 A. L. R., 83. The reasons sustaining the exemption in civil cases, are said to apply with equal force in criminal cases. It is suggested in *Church* v. *Church,* that a defendant coming into the jurisdiction voluntarily removes an obstacle to the administration of justice and saves the expense and trouble of extradition and that it is sound public policy to encourage him in so doing.

Perhaps the leading cases denying the immunity to defendants in criminal prosecutions are *Netograph Manufacturing Co.* v. *Scrugham* (1910), 197 N. Y., 377,

and the more recent cases of *Re Henderson,* 27 N. D., 155, 51 L. R. A. (N. S.), 328, and *Ryan* v. *Ebecke,* 102 Conn., 12, 40 A. L. R., 88. The substance of these decisions is that the exemption from suit is not a natural right but in derogation of the common natural right of every creditor to collect his debt by subjecting his debtor to due process in any jurisdiction where the debtor may be found. Since the exemption is to encourage voluntary attendance upon courts and to expedite the administration of justice, the privilege should not be extended beyond the reason of the rule upon which it rests. The reason of the rule fails when a party to a suit is brought into the jurisdiction of the court under arrest or other compulsion of law. Such a party does nothing to encourage or promote voluntary submission to judicial proceedings. He comes because he cannot do otherwise.

Under the authorities last cited, it is regarded as immaterial that a defendant is on bail. He is still in the custody of the law—of his bondsmen, who have the right and power at any moment to surrender him into actual confinement. Such a defendant is not a free agent when he submits himself to the court, does not act voluntarily, but under compulsion of the law.

While the question is not free from difficulty, it seems to us that better reason and better policy deny the immunity under discussion to a defendant in a criminal case, unless the prosecution is instituted in bad faith for the bare purpose of bringing such a party into the jurisdiction to be served with civil process. A defendant brought into the jurisdiction under arrest, in physical custody of the officers of the law, has never been held exempt from the service of civil process, unless brought from a foreign nation and protected by some treaty provision.

It results that in our opinion the court below erred in overruling the plaintiff's demurrer to the defendant's rejoinder herein and the judgment below is reversed and the case remanded for further proceedings.