COTTON *v.* FRAZIER *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

Lon P. McFarland and Sam B. Gilreath, both of Lebanon, for plaintiff in error.

Aust, McGugin & Spears and Overton Dickinson, all of Nashville, for defendants in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Following an auto collision in Wilson county, C. B. Frazier, a resident of Hamblen county, sued Cotton in a magistrate court in Wilson county for injuries to his car, and while in Lebanon, on April 1, 1936, for the sole purpose of appearing in this suit, Cotton brought suit in the circuit court against Frazier and the Nunn-Bush & Weldon Shoe Company, his nonresident corporation employer, for injuries suffered in the said collision to

his car and person, and caused process to be served on Frazier as an individual and as the agent of the corporation.

A joint plea in abatement was filed by Frazier and the corporation setting up the facts and invoking application of the rule of immunity from service of process provided by our statute (Code, sec. 9798) and the common law when the defendant is in the county for attendance upon court. The plea was filed April 20th. Plaintiff, Cotton, thereupon (1) moved to strike the plea as to Frazier for insufficient verification, and (2) joined issue as to the corporation and set up that the suit grew out of the same transaction as did the suit brought by Frazier, the trial of which he was attending when serve.. with process.

The trial judge overruled the motion to strike, and, hearing the case on a stipulation of facts, sustained the plea as to both defendants and dismissed the suit. Plaintiff appeals and says (1) that the verification of the plea was fatally defective, and (2) that the peculiar facts call for application of an exception to the general rule of immunity from service of process.

1. The plea proper is clearly within the rule requiring strictness and accuracy. It is the verification only that is challenged. The plea reads as follows:

"J. T. Cotton vs. C. B. Frazier and Nunn-Bush and Weldon Shoe Company.

"No. ―――――

"Filed 4/20/36

"G. W. ALEXANDER,

"Circuit Court Clerk.

"Plea in Abatement.

"Come the defendants, C. B. Frazier and the Nunn-

Bush Shoe Company, a corporation, sued as Nunn-Bush and Weldon Shoe Company, and plead in abatement to the summons and declaration in this cause and pray judgment thereon, because they aver that the summons herein was served only upon C. B. Frazier in his individual capacity and as an agent of the Nunn-Bush & Weldon Shoe Company; that at the time of such service on April 1, 1936, he was in attendance upon the Court of one Tatum, Justice of the Peace of Wilson County, holding court at Lebanon, Tennessee, he being the only suitor or plaintiff in the cause of C. B. Frazier vs. J. T. Cotton then pending in said court and set for trial and tried on said date; that his sole and only business in said county on said date was to appear and prosecute said suit and to testify in his own behalf as a witness therein; that the process was served upon him while he was in the court house in Wilson County, Tennessee, where said Tatum held his court and that he was there for the purpose of attending said suit and prosecuting the same and testifying therein when the same was called for trial on that date and that said suit was in a few minutes after the service of said process called for trial and tried; that he was then and is now a resident and citizen of Morristown, Hamblen County, Tennessee, and has never been a resident or citizen of Wilson County, Tennessee.

"Both the defendants C. B. Frazier and said Nunn-Bush Shoe Company, a corporation sued as Nunn-Bush & Weldon Shoe Company, aver that said corporation has no officers or place of business, a resident director, or agent of any kind residing in Wilson County, Tennessee, and had none such at the time the process in this case was served; that said corporation had no business and

was transacting no business in Wilson County, Tennessee, on the date said process was served in this cause; and that neither said C. B. Frazier or any other person was in Wilson County, Tennessee, on the date said process was served in this cause representing or transacting any sort of business for said corporate defendant. Said corporate defendant is a corporation organized under the laws of Wisconsin with its principal officers in Milwaukee and has never had an office, place of business, agency or resident director in Wilson County, Tennessee, and had no sort of interest in the suit of C. B. Frazier vs. J. T. Cotton, said suit being then and there prosecuted solely for the individual benefit and behalf of said C. B. Frazier.

"Wherefore they pray judgment of said summons and declaration and pray that the same may be quashed and this suit abated.

"AUST, McGUGIN & SPEARS,

"Attorneys for defendants.

"State of Tennessee
"County of Davidson

"I, C. B. Frazier, one of the defendants in this cause, do solemnly swear that the above plea, hereto annexed, is true in substance and in fact to the best of my knowledge and belief.

"C. B. FRAZIER.

"Sworn to and subscribed before me this 18th day of April, 1936.

"FRANCES FISHER,

"Notary Public.

"[Seal]

"State of Tennessee
'County of Davidson

"I, the undersigned, Overton Dickinson, an attorney for Nunn-Bush Shoe Company, having knowledge and information of the truth of the facts stated in the foregoing plea, and all officers of said corporation being residents of the State of Wisconsin make oath that the facts stated in the foregoing plea are true in substance and in fact.

"OVERTON DICKINSON.

"Sworn and subscribed before me this 18th day of April, 1936.

"FRANCES FISHER,
"Notary Public.
" [Seal] "

Conceding that the qualifying words "to the best of my knowledge and belief" in the oath of Frazier would vitiate the verification under certain conditions, leaving the affidavit too much subject to the objection of uncertainty in affirmation, we find no error in the action of the trial judge on the facts of this case.

It will be borne in mind that, while the statute requires that a plea in abatement must be verified under oath, no form of oath is prescribed. Again, the emphasis quite apparent in the opinions of this court, placed on the essentiality of accuracy and strictness, relates to the recitations of the plea itself rather than to the verification. The pertinent facts relied on must be clearly and unequivocally set forth in the plea. Further, it is of some consequence that we are not dealing here with a plea to an attachment, a process itself issued only on oath, and as to which it would seem quite proper to re-

quire that its statements be met by an oath in order to invoke the court's consideration of the issue.

█ █ Now with these general observations in mind, looking to the case before us, we find a plea in itself unexceptionable. Its allegations are clear and unequivocal and present directly a simple issue. In such a situation, if the matters set up in the plea appear of record, no oath is necessary. *Grove* v. *Campbell*, 9 Yerg., 7. It must be conceded that on the record as made up for consideration of the trial judge the facts were not in dispute, and complaint of the form of the verification became a matter of sheerest technicality.

Upon analysis of the plea it will be seen that its material allegations were confined to the facts (1) that Frazier was served with process in Wilson county on April 1st, a matter shown by the sheriff's return, and (2) that he was at the time in attendance, as a suitor, on the court and in the cause named. Now, conceding that in testing the sufficiency of the verification of this determinative fact we may not, in strictness, look to the stipulation filed, which clearly admits this fact, it will be observed that this fact is attested by the properly verified affirmation of the defendant corporation, a party to the plea, properly made by and through its attorney, attached to and filed along with the challenged verification of Frazier. The sheriff's return shows that he served Frazier as a defendant and as agent of the corporation at one and the same time. We think that the verification of the corporation by its representative of this joint plea was sufficient, under the facts of the case, to cure the alleged defect in the separate verification by Frazier individually. This conclusion finds support in the alternative language of the controlling statute, Code, section

8750, reading: "No plea in abatement shall be received in any court, unless its truth is verified by the oath *of the party or otherwise."* The italicized words are pertinent. Here the verification is "otherwise" supplied.

2. Counsel for appellee earnestly and plausibly argue that, when it appears, as here, that one comes voluntarily into a given jurisdiction to prosecute a suit, the reason for the immunity rule fails, and that it should therefore not be applied; and that this is particularly true when it also appears that the new suit relates to the same general subject matter, and is, as contended in this case, of the general nature of a cross-action.

The question of the application of the rule to one who comes into a given jurisdiction as a suitor, that is voluntarily in that sense, is no longer open in Tennessee. Our statute, Code, section 9798, reads, "any person summoned as a witness," but, says GREEN, C. J., as recently as in *Anderson* v. *Atkins,* 161 Tenn., 137, 138, 29 S. W. (2d), 248, "this rule is applied in the case of a witness or suitor from another county as well as a witness or suitor from another state." And "a suitor, plaintiff or defendant, or a witness, from a foreign jurisdiction, is exempt from the service of civil process while attending court and for such reasonable time before and after trial as may enable him to go from and return to his home," citing *Sewanee Coal, etc., Co.* v. *Williams & Co.,* 120 Tenn., 339, 107 S. W., 968, 969; *Sofge* v. *Lowe,* 131 Tenn., 626, 176 S. W., 106, L. R. A., 1916A, 734; *Jett* v. *Jett,* 155 Tenn., 473, 295 S. W., 65; *Purnell* v. *Morton Live Stock Co. et al.,* 156 Tenn., 383, 1 S. W. (2d), 1013. And, as directly in point on the argument herein made, immunity was denied in *Anderson* v. *Atkins,* to one brought into the jurisdiction as a defendant in a criminal

case upon the theory that "such a defendant is not a free agent . . . does not act voluntarily," etc. It is said in that case that, "since the exemption is to encourage voluntary attendance upon courts and to expedite the administration of justice, the privilege should not be extended beyond the reason of the rule upon which it rests."

■ Does the cumulative fact that, in a general sense, the new suit relates to the same general subject matter, authorize this court to read this exception into the statute? Reference is made on the briefs to the statutory provision for cross-actions in suits brought by nonresidents against residents where the action grows out of collisions, but these statutes are expressly limited to counterclaims pleaded in the original pending suit, and this limitation precludes, under a familiar rule, the extension of the right to an independent suit and process issued thereunder. Code, sections 8745-8749. The Legislature having dealt with the subject and provided for service on a nonresident in the jurisdiction as a suitor in such a case, the implication is apparent that the exception from the exemption is to be thus limited. The suit now before us, in which the process under consideration was issued, is quite essentially different from that previously brought by Frazier. He sued in a magistrate court where the jurisdiction is limited to $500. This suit is brought in the circuit court for the sum of $5,000. The magistrate suit was for injuries to a car. This is for injuries to the person also. In that case Frazier, as an individual only, was before the court. Here the suit is brought against Frazier and his corporate nonresident employer. The importance of the distinction between an action brought in a court of limited

jurisdiction and one brought in the circuit court was stressed in *Moran* v. *Weinberger,* 149 Tenn., 537, 260 S. W., 966. In that case the suit had been originally brought in a magistrate's court. After appeal to the circuit court, and some two years after the cause of action arose, a nonsuit was taken, and within one year thereafter a new suit was brought for $10,000. It was held that the new suit was barred as to the excess above the $500 magistrate jurisdictional limitation; that the new action in the circuit court for the sum in excess of the jurisdiction of the court in which the original action was brought was not the same action, although the cause of action was the same. So, in the present case, for the reason that the amount is beyond the jurisdictional limitation of the suit on which the defendant was in attendance, and for the further reasons suggested, the process here in question was issued in a wholly different and independent action.

In support of the argument that the exemption from service rule should not be applied where the general subject matter is the same, counsel rely mainly on three cases from other jurisdictions: *Livengood* v. *Ball,* 63 Okl., 93, 162 P., 768, L. R. A., 1917C, 905; *Rizo* v. *Burruel,* 23 Ariz., 137, 202 P., 234, 19 A. L. R., 823, and *Tiedemann* v. *Tiedemann,* 35 Nev., 259, 129 P., 313. In the Oklahoma case a nonresident of that state brought a suit to foreclose a mortgage and recover on the debt. It was held that the immunity rule did not apply to a suit for usury collected in that transaction; the procedure in that state requiring offsetting usury to be set up in an action separate from the foreclosure suit, and it also appearing that such a claim was barred in the foreign state. In other words, there was no other remedy available. In the

Arizona case, a nonresident came into that state to prosecute a *habeas corpus* action for possession of a child. On the date set for the hearing, Burruel, the defendant, filed a petition, in the same court, seeking an order of adoption of this child. The two petitions were consolidated, as the law permitted, and heard together. Here was, in effect, a cross-pleading, and the court held this to present a case for an exception to the general immunity rule. The forum and the subject of the contest were identical. In *Tiedemann* v. *Tiedmann,* the nonresident came into Nevada to prosecute a *habeas corpus* to recover possession of a child from its mother, and she was permitted to serve him in an action for divorce in which she sought to retain custody of this child. The court noted that the wife's suit was brought in the same court in which the *habeas corpus* petition was pending. Here again the forum was the same and the right of the respective parents to the custody of the same child the issue. But, in *Jett* v. *Jett,* 155 Tenn., 473, 295 S. W., 65, on similar facts, this court took a contrary view and sustained a plea to process in a divorce suit brought by the wife; the husband, a resident of Knox county, being served while in Shelby county for the purpose of testifying in a *habeas corpus* proceeding to recover possession of his children.

However, what has been said distinguishes these cases, even if the holdings in the first two of them should be conceded to be sound. No insuperable objection appeared in either of them to application of the general theory of cross-action. Identical forums were used, and in one of them like objectives were sought—the possession of a child. In the instant case not only are distinct forums employed, but jurisdictional prohibitions

appear in the matter of amount and of parties, to application of the principle governing cross-actions. The two suits here are essentially independent actions, despite the fact that the causes grew out of the same accident. Our immunity statute provides for no such exception, and, on the contrary, our provisions for cross-actions in this class of cases are so limited as to exclude the instant case.

 It must be borne in mind that this privilege of exemption from service "is not simply a personal privilege, but it is also the privilege of the court, and it is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice" (quoted approvingly in *Sewanee, etc., Co.* v. *Williams & Co., supra,* from *Person* v. *Grier,* 66 N. Y., 124, 23 Am. Rep., 35.) While individual cases of apparent hardship may arise, the principle is too essential and too well established to admit of relaxation unless clearly demanded and justified by authority.

The judgment must be affirmed.