LOUISVILLE & NASHVILLE RAILROAD
COMPANY, Defendant-Plaintiff-in-error, v. AARON
HOOPER, Plaintiff-Defendant-in-error. — 375 S. W.
(2d) 868.

Middle Section. October 25, 1963.

Certiorari Denied by Supreme Court March 5, 1964.

David M. Keeble, of Hooker, Keeble, Dodson & Harris, Nashville, for plaintiff in error.

Eugene D. Jackson, Jr., Nashville, for defendant in error.

CHATTIN, J. This is an action for personal and property damages caused by a collision between the automobile owned and operated by plaintiff, Aaron Hooper, and a freight train operated by defendant, Louisville & Nashville Railroad Company. The collision occurred in Erin, Houston County, Tennessee, on January 27, 1962.

The declaration is in three counts. The first is a common law count and alleges the train was being operated at a careless and reckless rate of speed, without the operators keeping a proper lookout ahead and that the operators failed to signal or sound any warning of the train's approach to the crossing. The second count is a statutory count which charges the operators of the train violated sub-sections (1), (2), (3), and (4) of T.C.A. sec. 65-1208. The third count is for property damage.

To the declaration, the defendant filed a plea in abatement in which it avers that since the plaintiff resides in Houston County and the defendant has an agent for service of process in Houston County, the proper venue of the suit is in Houston County and not Davidson County. The plea was filed on May 21, 1962, and was not verified. The trial court permitted an amended plea to be filed on May 24, 1962, which alleges the same facts as the former plea and which was verified by Honorable David M. Keeble, the Attorney for defendant, as being "true and correct to the best of his knowledge, information and belief."

Plaintiff filed a demurrer to the amended plea on the ground the plea was insufficient to abate the suit.

Thereafter, on July 27, 1962, defendant was permitted to further amend the plea to cause it to read as follows:

"Comes the defendant and, for plea in abatement, avers that plaintiff's residence is in Houston County and the defendant has an agent in Houston County for service of process; that the defendant, Louisville & Nashville Railroad Company, is a Kentucky corporation, with its home office and principal place of business in Louisville, Kentucky, and, therefore, within the meaning of Section 20-401 of the 1955 Tennessee Code 'resides' in Houston County, and, therefore, the proper venue for the above cause is Houston County, and not Davidson County."

The order provided that plaintiff's demurrer heretofore filed to the plea shall be deemed filed as to the plea as finally amended.

On the same date, July 27, 1962, the trial court entered an order overruling plaintiff's demurrer. To the

action of the court in overruling his demurrer, the plaintiff duly excepted.

On August 3, 1962, plaintiff filed a replication to the plea in which he avers the defendant maintains its principal office or place of business in Davidson County, Tennessee; and that the defendant does not reside in Houston County, Tennessee.

The plea and the replication were ordered to be set on the nonjury docket and heard on October 1, 1962.

On that date the Attorneys for the respective parties submitted three stipulations of fact relied upon by both plaintiff and the defendant to be considered by the trial court as evidence upon the issues made by the plea in abatement and the replication. Briefs were also filed with the court by the Attorneys for the respective parties in support of their theories.

It was stipulated that plaintiff was at the time of the accident and at the time of the filing of the suit in Davidson County, Tennessee, a resident of Houston County. That the defendant maintained a depot and office in Erin, Houston County, managed by an "Agent-Operator." He is the only employee of the defendant residing in Houston County. He is authorized by defendant to sell passenger tickets, sign bills of lading for freight shipments, accept payments for freight charges, handle the ordering of empty cars for carload shipments, to receive and transmit orders to train crews, and other like duties. He is authorized to accept service of process in suits brought in Houston County against defendant. The defendant operates in forty-seven counties in Tennessee where it maintains a depot and a representative

or agent. It maintains offices at Nashville, Chattanooga, and Knoxville, known as Division Offices. The Nashville Division covers the trackage between Nashville and Memphis. The Division offices are managed by a Superintendent and his staff consisting of an Assistant Superintendent, Division Engineer, a Master Mechanic, and Train Masters. The Superintendent of each Division reports to and is responsible to the defendant's home, or principal office, in Louisville, Kentucky.

The defendant is incorporated under the laws of Kentucky with its home office in Louisville, Kentucky. It is qualified and domesticated to do business in Tennessee. The executive offices of the defendant are maintained in Louisville. Louisville is shown as the home office or the principal office of the defendant on all corporate tax returns and all reports to the Interstate Commerce Commission.

The trial court took the matter under advisement and on October 18, 1962, overruled the plea in abatement and held the proper venue of the suit was in Davidson County, because the defendant maintained its chief office in this State at Nashville.

The defendant excepted to the action of the court in overruling the plea in abatement.

Thereupon, the defendant filed a plea of the general issue to the declaration. The cause was tried before the court and jury on March 14 and 15, 1963. The jury returned a general verdict for $5,000.00 in favor of the plaintiff and the trial court entered judgment thereon.

The defendant has perfected an appeal to this Court in the nature of a writ of error and has assigned five assignments of error.

The first assignment complains of the action of the trial court in overruling defendant's plea in abatement and holding the venue of the suit was in Davidson County rather than in Houston County.

As to this assignment, it is insisted by plaintiff the plea in abatement is a nullity, not having been sworn to properly.

Conceding that the oath to the plea is defective in that it is qualified by the words it is true to the best of the affiant's "knowledge, information and belief;" plaintiff did not move to strike the plea because of the insufficiency of the verification, but demurred to the plea because it was not sufficient in law.

"This is merely an allegation by the plaintiff the matters stated in the plea are not sufficient in law to abate the suit. This presents an issue of law, to be determined by the court." Caruther's History of a Lawsuit, Student Edition, Section 166, page 178.

Further, the issue presented by the plea and the demurrer was tried upon stipulations of fact agreed upon by the Attorneys for the respective parties which were filed and became a part of the record.

In dealing with a similar situation, our Supreme Court in the case of Cotton v. Frazier et al., 170 Tenn. 301, 95 S. W. (2d) 45, said:

"It will be borne in mind that, while the statute requires that a plea in abatement must be verified under oath, no form of oath is prescribed. Again, the emphasis quite apparent in the opinions of this court, placed on the essentiality of accuracy and strictness, relates to the recitations of the plea itself

rather than to the verification. The pertinent facts relied on must be clearly and unequivocally set forth in the plea. Further, it is of some consequence that we are not dealing here with a plea to an attachment, a process itself issued only on oath, and as to which it would seem quite proper to require that its statements be met by an oath in order to invoke the court's consideration of the issue.

"Now with these general observations in mind, looking to the case before us, we find a plea in itself unexceptionable. Its allegations are clear and unequivocal and present directly a simple issue. In such a situation, if the matters set up in the plea appear of record, no oath is necessary. Grove v. Campbell, 9 Yerg. 7. It must be conceded that on the record as made up for consideration of the trial judge the facts were not in dispute, and complaint of the form of the verification became a matter of sheerest technicality."

The record before us does not disclose that plaintiff called the defectiveness of the verification to the amended plea to the attention of the trial court. But has raised that question in this Court for the first time.

"The objection to the plea in abatement, for defect in its verification, came too late at the hearing of the cause. The plea is insufficient in its averments, and should have been taken from the files on motion, or stricken out on argument of its insufficiency for defect in its verification, that the defendant might have amended. Complainant waived his objection, by waiting to make it on the hearing. There was no error in the action of the Chancellor in refusing to

treat it as a nullity, on account of the defective verification. Wilson v. Eifler, 7 Cold., 31.'' Theo. Seifred v. People's Bank, etc., 60 Tenn. 200.

It is true, however, the plaintiff did except to the action of the trial court in overruling his demurrer and states in his brief that he assigns the trial court's action in that regard as error. However, plaintiff did not pray nor was he granted an appeal to this Court.

"An appeal from a law court is not like a broad appeal in chancery. It is only an appeal in error. It does not vacate, but merely suspends, the judgment of the court. No errors can be corrected in this court except those committed against the party prosecuting the appeal in error or writ of error. Only the state has appealed from the judgment here under consideration. Jones v. Ducktown, etc., Co., 109 Tenn. 375, 383, 71 S. W. 821; Gallena v. Sudheimer et al., 9 Heisk. 189, 192.'' State v. Willis, 130 Tenn. 403, 170 S. W. 1030.

It is next insisted by plaintiff that defendant failed to file a wayside bill of exceptions and a motion for a new trial after the trial court overruled its plea in abatement and consequently it waived its right to assign as error the action of the trial court in overruling its plea in abatement. But we cannot agree.

T.C.A. 27-104 provides:

"In suits at law removed to the Court of Appeals or Supreme Court, depositions read and exhibits introduced as evidence at the trial shall be a part of the record and need not be included in the bill of

exceptions, but shall be reviewed and examined along with all other evidence.''

In the case of Johnson v. Martin Furniture Company, 139 Tenn. 580, 202 S. W. 916, it is said:

''The trial in the circuit court was before the trial judge, without the intervention of a jury, and upon an agreed case, or statement of facts, signed by the attorneys of the parties and filed as a part of the record of the cause.

\* \* \* \* \* \*

''The agreed case when filed became a part of the record without any certification or signing by the trial judge. No bill of exceptions was requisite to preserve the grounds of exceptions as a foundation for a motion for a new trial. Such a motion was not essential.''

T.C.A. 20-906 provides:

''Pleading after plea in abatement overruled.—A defendant has the right, upon the overruling of a plea in abatement, for any cause filed by him to any action, to plead to the merits, and rely upon any defenses, as if said plea had not been interposed.''

After a plea in abatement has been overruled a plea to the merits will not deprive the defendant of his right to rely, in this Court, upon the overruled plea in abatement. Thach v. Continental Travelers' Mut. Acc. Ass'n, 114 Tenn. 271, 87 S. W. 255; Citizens' Bank & Trust Company v. Bayles, 153 Tenn. 40, 281 S. W. 932.

Defendant in its motion for a new trial assigned as a ground the action of the trial court in overruling the plea in abatement.

We conclude, therefore, we must consider defendant's first assignment.

█ Under this assignment it is the insistence of defendant the facts as stipulated show without question the defendant maintains its principal office and place of business in Louisville, Kentucky; that it is a foreign corporation domesticated in Tennessee; that it has and did have an office or agency in Houston County for the transaction of its business at the time this suit was brought; that the plaintiff resided in Houston County at the time the accident occurred; and, therefore, by virtue of T.C.A. 20-401 the venue of the action was properly in Houston County, Tennessee.

To meet this insistence, it is insisted by plaintiff the trial court was correct in ruling the chief office or principal place of business of defendant in this State was in Davidson County and that under authority of T.C.A. 20-217 the proper venue of the suit was in Davidson County. In support of this insistence, it is urged that the facts as stipulated show that defendant has only one employee or agent in Houston County; that defendant operates through forty-seven counties in Tennessee with the greater number of employees and the greater part of its property located in Nashville. The Nashville office is the Division Office for the trackage between Memphis and Nashville, which includes Houston County; and that the District Passenger Agent, District Freight Agent, Superintendent of the Nashville Division, and Claims Attorney for the Division, all reside in Davidson County. This is all true, but T.C.A. 20-217 does not preclude service of process on defendant in Houston County. It does not localize all suits

brought against defendant in this State in Davidson County. It should be noted that the facts as stipulated show that the defendant maintains offices both in Knoxville and Chattanooga of equal dignity with the Nashville office.

The defendant, being a foreign corporation, has no "home" or principal office in Tennessee. Skaggs v. Tennessee Cent. Ry. Co., 193 Tenn. 384, 246 S. W. (2d) 55.

We think the question presented falls within the holding of our Supreme Court in the case of McClearen v. United States F. & G. Company, 168 Tenn. 268, 77 S. W. (2d) 451. In that case, the plaintiff, McClearen, sued one Denton and the Insurance Company in Davidson County. Both of the individual parties resided in Lewis County, and the defendant, Insurance Company, had an office, and was doing business in Lewis County. The summons as to Denton was returned not to be found in Davidson County. No counterpart was issued. Service of process on the Insurance Company was accepted by the Commissioner of Insurance. The Insurance Company filed its plea in abatement asserting the proper venue of the suit was in Lewis County. In sustaining the trial court's judgment the plea was good in dismissing the suit the court said:

"Every circumstance required to fix the locality of trial in Lewis County is shown by the facts stated in the plea. Sections 8641 (T. C. A. 20-401) and 8751 T. C. A. 20-903) of the Code require that an action shall be abated, if challenged by plea in abatement, when the plaintiff and the defendant both reside, at the time the suit is brought, in the same county. These sections and section 8643 (T. C. A. 20-405) of

the Code, authorizing service upon local corporate agents, very definitely fix the venue in Lewis County. As said in Haynes v. Wood [Woods], 151 Tenn. [163] 167, 268 S. W. 632, sections 8640 (T. C. A. 20-401), 8641, and 8751 of the Code evince the legislative purpose to localize such transitory actions to the county where the action arose and where plaintiff and defendant both reside. The object of that provision being for the convenience of both litigants and witnesses.''

''It appears that a foreign corporation may establish a residence, within the meaning of the statute determining the venue by the defendant's residence, in a county other than that in which is located its principal office or place of business within the state.'' 23 Am. Jur., Section 503, 1963 Cumulative Supplement, page 26; 129 A. L. R. 1289.

''It has also been held that a foreign corporation by having an office and agent in a county for the transaction of business establishes a residence therein under the venue statute providing that an action against more than one defendant may be tried in any county in which one or more of the defendants reside. And under a constitutional provision that equity cases shall be tried in the county where defendant resides against whom substantial relief is prayed, it has been said that a foreign corporation may, for purposes of suit be treated as a resident of any county in which it has an agent upon whom service can be perfected.'' 23 Am. Jur., Section 503, 1963 Cumulative Supplement, page 26; Annotation 129 A.L.R. 1289.

Since we must sustain defendant's first assignment of error and dismiss plaintiff's suit, we do not deem it necessary to consider the remaining assignments of error.

The trial court is reversed and plaintiff's suit dismissed with costs.

Shriver and Humphreys, JJ., concur.