HOLLIS MORTON, Petitioner, v. STATE OF TENNESSEE, Respondent.

458 S.W.2d 808.

Court of Criminal Appeals of Tennessee. April 14, 1970.

Certiorari Denied by Supreme Court Sept. 8, 1970.

J. Shelby Coffey, Jr., Marine W. Bledsoe, Columbia, for petitioner.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, M. A. Peebles, Dist. Atty. Gen., Thomas L. Rasnic, Asst. Dist. Atty. Gen., Columbia, for respondent.

## OPINION

MITCHELL, Judge.

Hollis Morton, petitioner below, who will be referred to as petitioner or by name, represented by court appointed counsel, has appealed the dismissal, without an evidentiary hearing, of his post-conviction petition, from the Circuit Court of Maury County, Tennessee, Honorable William A. Harwell, judge presiding.

Petitioner filed a petition against the respondents, The State of Tennessee and Lake F. Russell, Warden, under the Post-Conviction Procedure Act of 1967, in which he alleged violation of his constitutional rights, in that he is illegally restrained of his liberty by the Warden of the State Penitentiary under a conviction of murder in the first degree and a sentence of 99 years in the State Penitentiary which conviction he alleged was illegally obtained in violation of his constitutional rights. He alleged he was indicted by a Grand Jury hand-picked by the States-Attorney, tried and held guilty of murder in the first degree about 19 days later. His conviction was appealed to the Supreme Court and affirmed. That in his trial his wife was intimidated and coerced to testify against him. That there was no death certificate concerning the death of the alleged victim, no inquest held as required by §§ T.C.A. 38-401—38-410 or autopsy held or ever presented in evidence. That the corpus delicti was not established.

He further alleged that he would not have been convicted but for the fact that one of his retained counsel was prejudiced against him and partial to the State.

He further alleged the prosecution failed to prove beyond a reasonable doubt that the petitioner committed the crime, and that the arbitrary, illegal, and unconstitutional acts of the prosecution to commit perjury and to deliberately, knowingly and willfully use false material testimony to procure a conviction caused petitioner to be denied several of his constitutional rights.

To the foregoing petition the State filed a plea in abatement in which it was averred that this is the third application for relief in the State Courts. That he filed a petition for writ of habeas corpus on June 17, 1965, in the Circuit Court of Davidson County, which was denied after a full evidentiary hearing, and appealed to Supreme Court and affirmed. Thereafter he filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Tennessee, on November 7, 1966, which was denied without a hearing, appealed to United States Court of Appeals, Sixth Circuit, and affirmed October 17, 1967, 389 F.2d 699. That petitioner filed a petition for writ of habeas corpus on January 23, 1967, in Davidson County Criminal Court which was transferred to the Circuit Court of Maury County, where a full and fair evidentiary hearing was held, relief denied, appealed to Court of Criminal Appeals of Tennessee where the lower court was affirmed in an opinion filed December 13, 1968. A petition for certiorari was filed and denied by the Supreme Court of Tennessee, March 17, 1969.

In addition to the foregoing four petitions, this petitioner has also filed a petition for Declaratory Judgment in the United States District Court for Middle Tennessee on February 13, 1967, where that court held no federal question was presented. Petitioner appealed to U. S. Circuit Court of Appeals, Sixth Circuit, where the decision of the District Court was affirmed, March 29, 1968.

The State further averred that the original conviction of petitioner of murder in the first degree was by his retained counsel appealed to the Supreme Court where the conviction was affirmed. The plea in abatement averred that petitioner has not been deprived of any of his constitutional rights, and denied he is being unlawfully restrained or detained. That he has had ample opportunity in both State and Federal Courts to test the legality of his conviction and that all of the courts to whom he has applied have decided against his contentions. That the questions made by the petitioner in this his last petition, have been previously determined in courts of competent jurisdiction.

The Circuit Judge Honorable William A. Harwell, on June 17, 1969, heard the plea in abatement, and apparently treated it as an answer, made a full, clear and complete finding of fact and conclusions of law in which he found the issues against the petitioner's contention, and dismissed the petition, from which petitioner ·appealed and assigned errors.

In his order or memorandum, the Circuit Judge made reference to the opinions, orders, decrees and judgments of the various courts which have considered the petitions

and contentions of the petitioner Hollis Morton, which documents are appended to this record.

The petitioner has made two assignments of error. The first is that the Court erred in dismissing the petition without giving him an evidentiary hearing, that there was no proof of corpus delicti and that his counsel was ineffective. He has abandoned the latter ground, now admits he was ably represented by several highly competent attorneys. The second assignment is that the plea in abatement was not properly verified by appropriate oath.

Responding to these assignments we hold that it was not necessary that an inquest be held, that the coroner's inquest is no part of a criminal prosecution and not admissible in evidence against the defendant in a murder trial. Galloway v. Shelby County, 75 Tenn. 121 and Colquit v. State, 107 Tenn. 381, 64 S.W. 713.

If the responsive pleading filed by the State was not properly executed, the petitioner was not prejudiced. Our courts have held that where the allegations of a plea in abatement are clear and unequivocal and present directly a single issue, and if the matters set up in the plea appear of record, no oath is necessary. Cotton v. Frazier et al., 170 Tenn. 301, 95 S.W.2d 45.

The petitioner has made so many extravagant and unwarranted allegations in his petition, of the wrongs committed against him, in which we find no merit, and lest his crime go unnoticed we go back to the original case in which all this litigation had its beginning. In doing this we think it is appropriate to quote from the opinion of the United States Circuit Court of Appeals, Sixth

Circuit, in one of petitioner's many cases. Morton, petitioner appellant v. Henderson, Warden, 389 F.2d 699, decided October 17, 1967, in which the court said:

"Morton was convicted by a jury in the Circuit Court of Maury County, Tennessee, of murder in the first degree, and was sentenced to imprisonment in the state penitentiary for ninety-nine years. He had been represented at the trial by three lawyers employed by his family. The judgment of conviction was affirmed by the Supreme Court of Tennessee in a written opinion, which carefully considered all of the questions then raised. Thereafter, he filed a habeas corpus petition in the Circuit Court of Davidson County, which was dismissed after a full evidentiary hearing at which he was represented by counsel appointed by the Court. An appeal was taken to the Supreme Court of Tennessee, which again affirmed in a written opinion, in which it held that no constitutional right of Morton had been violated in his trial and conviction.

"The District Court ruled that the petition for habeas corpus did not set forth facts sufficient to justify the granting of relief. An amended petition was then filed, which the Court considered and denied.

"The opinions of the Tennessee Courts disclose the following facts. In the evening of September 6, 1963 Morton escaped from the Maury County workhouse and returned to his home where he went to bed. It was his second escape from the penal institution. A constable and two state highway patrolmen went to Morton's home with a warrant for his arrest. After the constable had identified himself and demanded

that Morton come out of the house, Morton shot through a window and killed the constable.

"Morton's defense was that he shot the constable thinking he was a burglar about to enter his home. The trouble with this contention was that not only did the two state highway patrolmen testify that the constable called out his name and stated that he had a warrant for Morton's arrest, but Morton's wife and 17-year old son, who were in the house with him, heard what the constable said and corroborated the patrolmen's testimony. They (Morton's wife and 17-year old son) asked Morton whether they should open the door, and he said, "No." The trial court properly submitted the issues of fact to the jury and its instructions have been approved on appeal.

"In his post-conviction proceedings, Morton complained about inadequate representation by the three lawyers of his own choosing. Specifically, he argues that these lawyers neglected their duty by not asking for a change of venue because of newspaper publicity. The lawyers did consider such a request but concluded not to ask for it.

"The Tennessee courts found there was no merit in this claim and that Morton was represented by reputable and able lawyers. One of these attorneys was recently elected District Attorney General for the Eleventh Judicial Circuit of Tennessee. The question of whether it was prudent to ask for a change of venue must necessarily be determined by conditions which existed at the time of the trial. The state was asking for the death penalty. Transfer of the case to another

county might have involved the risk of a more severe sentence than that meted out to appellant. In Tennessee sentences are imposed by the jury.

"There was not much publicity prior to Morton's trial. There was no evidence that jurors read newspapers during the trial. It would be difficult for any court to say at this late date that the attorneys were wrong in exercising their best judgment in not asking for a change of venue.

"Morton further claims that the Court erred in permitting his wife to testify against him. This claim was presented in the direct appeal to the Supreme Court of Tennessee and was found to be without merit. Tennessee law permits such testimony when it does not involve the disclosure of confidential communications. T.C.A. § 40-2404; McCormick v. State, 135 Tenn. 218, 186 S.W. 95, L.R.A.1916F, 382. The alleged communications took place in the presence of the 17-year old son, whose testimony was to the same effect as his mother's testimony. In any event, the alleged error does not reach constitutional proportions.

"Morton further contends that his trial was unfair because it was necessary to question two hundred and fifty prospective jurors on voir dire before the jury was finally selected, and that the jury demonstrated its prejudice against him by imposing what amounts to a life sentence. It is not unprecedented in a murder trial to examine a large number of prospective jurors on voir dire; it is a frequent occurrence. The fact that this was necessary is no proof that the jurors finally selected were biased and prejudiced. We do

not regard a sentence of life imprisonment for murdering a policeman as an excessive sentence. The death penalty might have been imposed under Tennessee law.

"Full and fair consideration was given to the contentions of Morton by the Tennessee courts. Under these circumstances, we think the District Court's disposition of the matter was sufficient.

"Affirmed."

The assignments of error are overruled and the judgment of the trial court is affirmed.

We are grateful to court appointed counsel for the able service rendered in behalf of petitioner.

HYDER and WALKER, JJ., concur.