CARLISLE *v.* COWAN and others.

(*Knoxville.*    October 16th, 1886.)

1. TRANSITORY ACTIONS. *Jurisdiction of.    Code (T. & S.), § 2808 construed.*

Under § 2808 (T. & S.) Code the right of suit in all transitory actions *follows*, but does not *precede*, the person of the defendant; and hence jurisdiction is not acquired, where such a suit is brought against one, not a resident of the county, who, at the time of its institution, is not actually within the county where the suit is instituted. Such suit may be abated on plea of defendant.

Code cited: §§ 2808, 2812 (T. & S.), §§ 3513, 3517 (M. & V.)

2. SAME. *Same.    Return of summons "not found" implies residence.    Alias summons.*

The return "not to be found in my county" indorsed by the Sheriff on an original summons implies that the defendant is a resident of the county; and failure of the Sheriff to find him implies that he is evading process; and under § 3466 of Code (T. & S.) such return authorizes the issuance of an *alias* summons for the defendant, as a *resident* of the county.

Code cited: § 3466 (T. & S.), § 4207 (M. & V.)

Cases cited and approved: Slatton *v.* Johnson, 4 Hay., 197; Welch *v.* Robinson, 10 Hum., 264; James *v.* Hall, 1 Swan, 297.

3. SAME. *Same.    Same.    Return not conclusive.    Alias abated on plea.*

In such case, if the defendant is not, in fact, a *resident* of the county when the suit is instituted, the return is false; and if *alias* summons issued thereon is served on defendant, he may, notwithstanding said false return, abate the suit on the plea that he was not a resident of the county, nor, in fact, in the county at the time it was instituted.

Carlisle *v.* Cowan and others.

4. PLEA IN ABATEMENT. *Verification, by and before whom.*

A plea in abatement may be sworn to by the defendant's agent and attorney, and before any officer in this State authorized to administer oaths.

Case cited and approved: Bank *v.* Jones, 1 Swan, 391.

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County. D. C. TREWHITT, J.

KEY & RICHMOND, WEBB & McCLUNG, and W. M. BAXTER, for Plaintiff.

LUCKY & YOE, and HENDERSON & JOUROLMON, for Defendants.

LURTON, J. This is an action upon an attachment bond brought in the Circuit Court of Hamilton County against nineteen defendants, all of whom were residents of Knox County, and none of whom were in Hamilton County at the time of the institution of the suit. The original summons was issued to the Sheriff of Hamilton County August 10th, 1883, and was returned by him September 15th indorsed: "Search made, and none of the within defendants to be found in my county." After the intervention of a term of court an alias writ of summons was issued to the same Sheriff

Carlisle *v.* Cowan and others.

October 12th, 1883, and on the 15th of October this was executed upon one of the defendants. A counterpart was then issued to Knox County, and executed upon the other eighteen defendants. All of the defendants plead, in abatement of the writ, that none of them were residents of Hamilton County, and that none of them were actually in the county at the time the original summons issued. The Circuit Judge held the plea good in substance and form, and quashed the writ. From this judgment the plaintiff appealed to this Court. The Commission of Referees recommend an affirmance. Proper exceptions have been filed to the report of the Referees, and the case is before us for determination.

The only authority under the practice laid down by the Code for the issuance of an alias writ of summons is found in § 3466. This is as follows:

"In any civil action, when the summons has been returned 'Not to be found in my county' as to all or any of the defendants, residents of the county, the plaintiff may have an alias and plurius summons for the defendant, or, at his election, sue out attachment against the estate of such defendant."

The return "Not to be found in my county" implies that the defendant is a resident of the county; and the failure of the Sheriff to find him implies that he is evading process. Such a return not only authorizes an alias summons but an attachment against the estate of the defendant,

*Slatton* v. *Jonson*, 4 Hay., 197; *Welch* v. *Robinson*, 10 Hum., 264; *James* v. *Hall*, 1 Swan, 297.

The statute, in express words, limits this additional process to the case of defendants "residents of the county." The return of the Sheriff upon the original summons was a return of "Not to be found in my county," and implied that the defendants were residents of the county and evading service of process, and such a return would as well have authorized an attachment against the estate of defendants as an alias. The plea put in issue the right of plaintiff to an alias by denying that they were residents of the county.

The return of the Sheriff was false. We think that the defendants are not bound by the false return and that a plea in abatement is the proper method of reaching and quashing a writ which was only authorized to issue in the case of such a return having been made concerning "residents of the county." We do not thik that jurisdiction can be obtained by reliance upon a false return, or that the only remedy of the defendants thus wrongfully brought into court is against the Sheriff for his false return. By § 2812 of the Code it is provided that "If action be brought in the wrong county, it may be prosecuted to a termination, unless abated by plea of the defendant." This action was not brought in the county of the residence of any of these defendants, the return of the Sheriff that they were such residents was not true, and the plea of the defendants is therefore good.

Carlisle *v.* Cowan and others.

We are further of opinion that the defendants were not liable to be sued in this action in the county of Hamilton, unless they, or one of them, was a resident of the county, or actually in the county at the time of the institution of the suit. The plea shows that none of them were at that time either residents or actually within the county. The common law was exceedingly averse to permitting defendants to be sued, even in transitory actions, other than at the place where they resided. That a defendant should be harassed by a suit at a distant point, and to which he might not be able to carry his witnesses, was rigidly guarded against, and by statute 4 H. IV., Ch. 18, and subsequent statutes, attorneys were sworn not to bring suits in counties foreign to the defendant, and the transgression of the statute was made penal. This jealousy of the common law against such suit enables us the better to understand our Act of 1809, Ch. 126, carried into the Code at § 2808, which is as follows: "In all transitory actions the right of action *follows* the person of defendant, unless otherwise expressly provided." This act being in derogation of common law will not be given a strained construction. By it a right of action *follows* the person of the defendant, and, wherever he may actually be, though but sojourning, there he may be impleaded. His presence in the county, though not a resident, gives to the courts of the county in which he temporarily is jurisdiction in transitory actions. If while thus actually in the

county the suit be instituted and summons served upon him, jurisdiction is given. The right of action has "*followed*" his person. The service of the summons relates back to the date of the issuance of the writ, and he is sued as of the day of the ins.itution of the suit. If within the county at the time the suit was begun, the suit was well brought; if he was not, and he plead the fact that he was not, the suit ought to abate. Any other construction would permit a suit to be brought when the defendant neither was, at the time it was brought, a resident or actually within the county. It would be to legalize the setting of a trap which might await the coming of a defendant an indefinite time, and merely for the purpose of suing him out of the county of his residence. We do not believe such a result was intended by the Legislature. We think the right of suit "follows" the person of the defendant and does not precede.

There is nothing in the objection that the pleas were not verified before the court where the suit was pending. We think the verification may be made before any officer within the State authorized to administer oaths. Neither is the objection good that the pleas were verified by the agent and attorney of defendants. It has been repeatedly held that this may be done. 1 Swan, 391. The pleas being good in form and substance, the writ will be quashed.