INTER-SOUTHERN LIFE INSURANCE COMPANY *v.* KNOX PIERCE.

(*Knoxville,* September Term, 1930.)

Opinion filed October 11, 1930.

Susong, Susong & Parvin and A. K. Morison, for complainant, appellant.

Epps & Epps, for defendant, appellee.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed August 15, 1929, in the Chancery Court of Washington County, to cancel life insurance policies upon allegations that they were fraudulently procured by the defendant. The summons issued in obedience to the prayer of the bill was not executed. The return of the sheriff disclosed that the defendant was a resident of Greene County. Thereupon, the complainant filed its petition in the Chancery Court of Washington County, asking that the cause be transferred to Greene County. The Chancellor, though expressing doubt as to his authority to transfer the cause, did it declaring that the rights of defendant should not be prejudiced by such action.

The record was sent to the Clerk and Master of the Chancery Court of Greene County where subpoena to answer was issued and served on the defendant. It appears from the record that the contestable period of one year fixed by the policy contract had not expired when the original bill was filed in Washington County. But when the sheriff's return made it known to petitioner that the defendant was not to be found in Washington County and was a resident of Greene County, the period had expired. It being too late then to withdraw the bill and file it in Greene County, within the contestable period, complainant sought to avoid the delay and any consequential impairment of its right to contest by keeping the action alive through the petition to transfer.

When served with process, the defendant interposed a plea in abatement, setting forth that he was a resident of Greene County and was not in Washington County where process could be served upon him when the bill was filed, and that the Chancery Court of Washington County acquired no jurisdiction and had no authority to transfer the cause, and the order of the Chancery Court of Washington County conferred no jurisdiction upon the Chancery Court of Greene County over the subject-matter or the person of defendant.

The bill filed in Washington County is addressed to Chancellor Miller. Chancellor Miller, who transferred the cause from the court over which he presided, acquired no jurisdiction over the person of defendant by the act of filing the bill there, and he had no authority to transfer the cause to another county or chancery division. Chancellor Robertson sustained the pleas and dismissed the suit from his court. Complainant appealed.

No new suit was commenced in Greene County. The cause of action presented for determination in the

Chancery Court of Greene County was that which had been commenced in Washington County. The suit could not be maintained in the Chancery Court of Washington County because defendant did not reside there and was not in the county when the suit was commenced. *Carlisle* v. *Cowan*, 85 Tenn., 165.

Without jurisdiction, the Chancery Court of Washington County (see *Chambers* v. *Sanford and Treadway*, 154 Tenn., 138), could make no valid order or decree in the case impairing the substantive rights of defendant.

It had no power to transfer the case to Greene County. 15 C. J., 1147.

The statute, 4549-4557 Shannon's Code, regulating a change of venue, conferred no power upon the court to transfer a cause erroneously commenced in the wrong local jurisdiction. We are therefore constrained to affirm the decree of the Chancellor.