HAMILTON NAT. BANK *v.* WATKINS.

(*Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

C. A. Noone, of Chattanooga, for Hamilton Nat. Bank.

R. M. Watkins, *per se.*

Mr. Chief Justice Green delivered the opinion of the Court.

This bill was filed by the Hamilton National Bank to recover of defendant, Watkins, balance due on his note which the bank held. The chancellor dismissed the bill upon a plea to the jurisdiction, and the bank has appealed.

The bill alleged that Watkins was a nonresident of Chattanooga, Tenn., but a resident of Walker county, Ga., who had a place of business and could be served with process in Hamilton County, Tenn. The bill was filed October 16, 1936.

Subpoena to answer issued on October 16, 1936, and was returned on November 3, 1936, the officer's return reciting, "Defendant R. M. Watkins not to be found in my County."

Alias subpoena to answer issued on November 7, 1936, and, from the officer's return, appears to have been served on defendant, Watkins, November 10, 1936, and copy of the bill left with him.

The defendant, Watkins, thereupon filed a plea in abatement, as follows:

"That he is and at the time this suit was commenced he was a resident of the State of Georgia, and not a resident of the State of Tennessee, and that at the time this suit was commenced he was actually in the State of Georgia and he was not in Hamilton County, Tennessee; and he is not in business nor has any office in Tennessee; and this the defendant is ready to verify."

The plea was properly sworn to and subscribed.

The complainant challenged the sufficiency of this plea before the chancellor and renews such challenge in this court. We agree with the chancellor that the plea was good. The case is ruled by previous decisions of this court.

This was a transitory action, and section 8640 of the Code provides that such right of action "follows the person of the defendant, unless otherwise expressly provided." The chancery court in Hamilton county had no jurisdiction of this action until the defendant came into that county. His presence in the county conferred jurisdiction upon the court. It has been repeatedly said by this court that, under section 8640 of the Code, a transitory right of action follows the person of defendant into a particular jurisdiction—does not precede the defendant into that jurisdiction. If the defendant, instead of coming into Hamilton county from Georgia, had come into Hamilton county from another county of Tennessee, it is conceded the plea in abatement herein would have been good. *Carlisle* v. *Cowan*, 85 Tenn., 165, 2 S. W., 26, 28; *Haynes* v. *Woods*, 151 Tenn., 163, 268 S. W., 632; *Inter-Southern Life Insurance Co.* v. *Pierce*, 161 Tenn., 346, 31 S. W. (2d), 692.

It is urged, however, that a different rule should be applied to nonresidents of the state. We cannot follow this argument. It is the presence of a defendant in the county that confers jurisdiction of such actions on the courts of that county. It is immaterial where the defendant comes from—whether another state or another county. If not in the county when sued, service of process on him at some later date, when he may come into the county, does not help the plaintiff. This is true because "the service of the summons relates back to the date of the issuance of the writ, and he is sued as of the day of the institution of the suit." *Carlisle* v. *Cowan, supra.*

The decree of the chancellor must be affirmed.

CHAMBLISS, J., did not participate in this decision.