LARRY E. HINKLE, Plaintiff in Error,

*v.*

DR. R. GENE CRAVENS, DR. HORACE F. LAWSON, and HASSELL RAY YORK, Defendants in Error.

409 S.W.2d 350.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

WILLIAM E. BADGETT, Knoxville, for plaintiff in error.

RAY H. JENKINS, of counsel, JENKINS & JENKINS, Knoxville, for defendants in error.

Mr. Special Justice William J. Harbison delivered the opinion of the Court.

This case is before the Court on stipulated facts. The sole question involved is whether a corporate officer is immune from service of process while attending court in a county other than that of his residence, in order to testify on behalf of the corporation.

According to the stipulation filed, the three defendants in error, on and prior to May 21, 1965, were residents and citizens of Cumberland County, Tennessee. On that date the defendant in error Hassell Ray York was secretary-treasurer of the Cumberland Loan & Finance Corporation, a Tennessee corporation, having its principal place of business in Crossville, Cumberland County, Tennessee. It was stipulated that Mr. York was the keeper of all of the records of the corporation, and was the only officer of the corporation conversant with the status of its books, records, accounts, notes and papers. Prior to May 21, 1965, the corporation, acting through Mr. York, filed a civil suit in the General Sessions Court of Knox County, against Larry E. Hinkle. The suit was on a note allegedly owed by Mr. Hinkle to the corporation, and the case was set for trial in the General Sessions Court of Knox County, Tennessee, on May 21, 1965.

It was stipulated that on that date Mr. York went from Cumberland County to Knoxville to testify in the case on behalf of the plaintiff corporation. He brought with him the records of the corporation in that suit for the purpose of testifying in the suit, and he was the only representative and officer of the corporation in Knox County for the purpose of so testifying. It was stipulated that Mr. York was there in his official capacity as an officer of the Cumberland Loan & Finance Corporation and that he was in Knox County for no purpose other than in his official capacity to represent the corporation and to testify in the case. While Mr. York was in the Knox County Courthouse, he was served with the original summons and a copy of the declaration in the instant case, the suit being filed by Mr. Hinkle against Mr. York, Dr. Cravens, and Dr. Horace F. Lawson, for alleged malicious prosecution in a previous transaction. It was stipulated that Mr. York was not in Knox County under subpoena.

After service upon Mr. York of the leading process, counterpart process was issued to Cumberland County for Drs. Cravens and Lawson. All three of the defendants in error below filed appropriate pleas in abatement to the original and counterpart processes, respectively, challenging the service of the leading process upon Mr. York while in Knox County in his capacity as a corporate officer to testify on behalf of the Cumberland Loan & Finance Corporation. The trial judge sustained the pleas in abatement and dismissed the suit.

It is provided by statute in this State that actions may be abated by plea of the defendant:

(2) Where the process is served upon the defendant while attending his duty at a muster of militia, or election, or a witness or juror. T.C.A. sec. 20-903.

It is further provided in T.C.A. sec. 24-213:

During the attendance of any person summoned as a witness, and during the time that he is going to and returning from the place of such attendance, allowing one day for every thirty (30) miles of travel, no writ, process, warrant, order, judgment, or decree in any civil cause, subpoena to testify as a witness only excepted, shall be served upon him.

█ It has long been held in Tennessee that while both of these Code sections refer only to witnesses, parties to suit are exempt as well as witnesses, while in attendance at or going to or coming from the place of suit. *Sofge v. Lowe*, 131 Tenn. 626, 176 S.W. 106, L.R.A.1916A, 734 (1915); *Purnell v. Morton Live Stock Co.*, 156 Tenn. 383, 1 S.W.2d 1013 (1928); *Jett v. Jett*, 155 Tenn. 473, 295 S.W.2d 65 (1927); *Cotton v. Frazier*, 170 Tenn. 301, 95 S.W.2d 45 (1936).

In the case of *Sewanee Coal, Coke & Land Co. v. Williams & Co.*, 120 Tenn. 339, 107 S.W. 968 (1907), this Court held that the exemption of a witness from service of process while in attendance as such applies to a suit against a corporation, with service of process upon its officer while a witness, as well as to a suit against such officer individually while a witness. There, one Earl Martin was attending a United States Circuit Court in Davidson County, under subpoena before the grand jury in that court. While he was in Davidson County for this purpose, a separate suit was begun in the state court against the corporation of which Martin was the secre-

tary, and service of process was had on Martin. The employer-corporation filed a plea in abatement, which was held insufficient by the trial court. The Supreme Court reversed the action of the trial court, pointing out:

Jurisdiction can be obtained of the corporation only by service of process on its officers or agents, who are presumed to be interested in the corporation. We see no reason why the exemption should not apply to a suit against the corporation, with service of process on its officer, as well as if it were a suit against the individual. He is interested in either event. 120 Tenn. at 344, 107 S.W.2d at 969.

In the present case it was stipulated that Mr. York was in Knox County solely in his capacity as an officer of a corporation which was plaintiff in a separate action. He was not subpoenaed, but the corporation of which he was an officer was a party-litigant, and we hold that Mr. York was immune from service of process under the circumstances shown in the stipulated facts. Of course, if the leading process was subject to abatement, the two counterpart summonses were also subject to abatement, since there is no separate basis shown for venue in Knox County as to the two defendants served with counterpart process.

The action of the trial court in sustaining the pleas in abatement is affirmed at the cost of plaintiff in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.