Thomas E. Beckham

*v.*

Sidney Johnson et al.

421 S.W.2d 94.

(*Nashville,* December Term, 1966.)

Opinion filed November 13, 1967.

HENRY, HENRY & LEWIS, Pulaski, for appellant Beckham.

GEORGE H. CATE, JR., Nashville, for appellee Aetna Insurance Company.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The appellant, Beckham, filed an original bill of review for errors of law apparent on the face of the record of a

former Chancery suit. This bill was demurred to and from the sustaining of this demurrer the appellant has perfected the present appeal.

The bill of review exhibited the technical record from a prior proceeding and alleged in effect that the Chancery Court had no jurisdiction to enter a money judgment against Beckham in the original proceeding.

From these exhibits to the original bill of review it appears that Universal C.I.T. Credit Corporation filed a replevin suit in 1961 in this same court against one, Mrs. Sidney Johnson, which was subsequently amended so as to make Mr. Johnson and the Aetna Insurance Company and the appellant parties defendant.

This said bill alleged that the appellant was at the time a citizen of Pulaski, Giles County, Tennessee, and that his present address was Huntsville, Alabama, and he is a non-resident of Tennessee. Publication was prayed for and it was duly published in the local area newspaper against the appellant, who at that time was a non-resident of Tennessee and had no knowledge of these proceedings.

This record further shows that some three years after the filing of this bill there was a pro confesso taken against the appellant and mailed to him in Huntsville, Alabama. A few days after this pro confesso was mailed to him an order of pro confesso was entered which recited that he had been regularly brought before the court and made a party by publication, etc., and the cause was set for hearing. The following month an order was entered continuing the cause to the next term, which was approved by the parties before the court, but the appellant did not enter into this order. The cause then was finally set for hearing on January 4, 1966, by the appellee, Aetna

Insurance Company, and the appellant came from Alabama, or wherever he was, and testified as a witness in this cause, and it is alleged in this bill of review that he did not realize that he was a party to the suit then and there pending.

The Chancellor on January 18, 1966, or some two weeks after the cause had been set for hearing and was heard handed down the following memorandum:

"Pro Confesso was taken against Beckham after publication for him as a non-resident. * * * Beckham appeared at the hearing as a witness and it was ordered, orally, that he be made a party the same as if he had been served personally. Counsel for Aetna orally answered for him neither admitting nor denying the allegations and requiring the proof."

On the date of the hearing, while this appellant was present in court in Tennessee for the purpose of appearing as a witness, there was issued, a subpoena to answer and the same shows that it was executed on him on the same date. A final decree, a copy of which is made a part of this technical record which is attached to this bill of review, was entered on February 8, 1966, wherein a money judgment was entered against this appellant.

In this final decree in the bill which is attached to this present proceeding, the Chancellor found as a fact that the appellant, Beckham, had executed a false notarization of a power of attorney relating to the transfer of an automobile title, and found that having done so he, Beckham, was liable to the Aetna Insurance Company which was his surety on his notary bond for the monetary loss suffered by Aetna by reason of Beckham's false notarization and that Aetna was liable as the surety on Beckham's notary bond. This finding is final. Under it

Beckham comes here now with unclean hands. See Gilston's Suits in Chancery, Sec. 51.

Although in this proceeding Aetna had filed no action against Beckham, the Chancellor ruled in his memorandum opinion that Aetna could have a recovery against Beckham, and thus it was that a final decree was entered upon which the complainant in that suit recovered against Johnson, Beckham and Aetna jointly and severally, with Aetna being given a judgment against Johnson and Beckham for any amount which it might pay under the judgment

The demurrers merely presented the proposition that the court was correct in decreeing against Beckham and that Beckham was not aggrieved or injured and had no right to complain because the record shows that the liability in the original suit was really his and that he was present and made a party to the lawsuit while he was thus present and his rights were there protected, and, if he had any question about the judgment being rendered against him in that cause, it was his duty and obligation to there except and appeal therefrom.

The assignments of error contend that in sustaining this demurrer the Chancery Court erred in dismissing the bill of review because (1) it validated a money judgment against a non-resident on the basis of publication; (2) it upheld a money judgment against a non-resident on the basis of process served while he was in court for the purpose of testifying as a witness; and (3) it validated a money judgment against the party in a case wherein his only representation was on a spur of the moment basis by counsel with a conflicting interest and in a case not properly at issue.

All parties concede that they can find no authority one way or the other directly in point on the issues raised. The appellant contends that this is a transitory action under T.C.A. sec. 20-401, and that a suit may not be commenced before the person is in the jurisdiction of the court, and thus this suit having been filed before Beckham came into the jurisdiction of the court and service had on Beckham after he came into the jurisdiction of the court it is invalid, citing among other cases in support of this proposition the case of *Hamilton National Bank v. Watkins,* 172 Tenn. 83, 110 S.W.2d 311. We do not think the present case comes under this Code Section or proposition.

It is next contended that Beckham coming from Alabama, or out of the State, as a witness on behalf of his surety, Aetna, was protected from service of process under T.C.A. sec. 20-903, sec. 24-213, which say that parties to a suit as well as witnesses are exempt from being served with process while in attendance or going to or coming from the place of the suit, and in support of this proposition Beckham cites our recent case of *Hinkle v. Cravens,* 219 Tenn. 253, 409 S.W.2d 350, and avers that he could not be served with process and made a party defendant to this suit while he was in Columbia attending the original trial.

In answer to this argument the appellee concedes that a money judgment could not be rendered against Beckham on the basis of publication but that, since Beckham was properly served with process in the State of Tennessee in the original cause, even if he was attending court as a witness, he had made a voluntary appearance in the cause and was therefore properly ordered by the Chancery Court to be made a party as fully as if he had previously been served with process.

It is further argued that counsel for the Aetna Insurance Company, whose interests were parallel to and identical with those of Beckham and totally dependent upon the rights and obligations of Beckham as the principal on the bond, were entitled to and did look after his interests.

Beckham was named an additional defendant at the time of the filing of the amended and supplemental bill. It is true there was no personal service of process on him or pleading filed by him until the cause was set for trial wherein he was present in court as a witness in behalf of his surety on the very bond that he was being sued on. It seems to us under such a factual circumstance that it was entirely proper for the court to, on its own motion if necessary, have Beckham made a party defendant to the lawsuit, giving him the right to answer, plead and defend his right, because in the interest of right and equity it was the duty of the Chancellor there to try to end all litigation with reference to this question and not have it determined piecemeal by granting a judgment against the surety and sending the surety to a foreign state or somewhere else to sue on that judgment when the rights and liabilities of the surety were identical with those of the principal. If the principal had any defense to these allegations these defenses would likewise apply to the surety. Beckham must have known this. He was there present in court; he is not an indigent nor shown to be an illiterate; he was bound to know what was going on, and we feel, under the circumstances, it was entirely proper for him to be made a party defendant and put in position with his surety to make any defenses that he had rather than only the surety make defenses because they were in effect exactly the same.

■ We think the Code Sections above relied upon by the appellant, T.C.A. sec. 20-903, sec. 24-213, do not exempt a party from being served with process in a case in which a party is making an appearance, when he comes in and hears rights of ones that are being litigated against others standing in the same position that he stands. The case of *Hinkle v. Cravens,* supra, is not in point. In that case we held that a corporate officer who appeared as a witness on behalf of the corporation when he appeared as a witness in one case and was served with process in another was exempt from such service under the statute, and a subsequent suit filed could be abated under a proper plea. Under the facts as stated in the present case, it is clear that the *Hinkle* case is entirely distinguishable and unrelated to the present case.

We think that under a factual situation as presented in this case these Code Sections should be strictly construed rather than liberally construed because this appellant when he is appearing as a witness on behalf of his surety is appearing altogether in his own interests since the surety would have the right to recover over against him, and the only defense the surety would have would be that of the principal. We think under such circumstances it was entirely proper for the Chancellor to render a judgment over against the principal in favor of the surety if the surety had to pay. See Gibson's Suits in Chancery, Sections 1010, 47, and 45.

■ After having read this record several times and thought about it considerably we have no doubt in our mind as to the correctness of the judgment of the Chancellor in sustaining the demurrer herein. In the first place, what we have said above we think is sufficient reason for our conclusion, and, second, we think if Beck-

580

ham wanted to question the judgment which the Chancellor rendered against him in the original bill he should have protected his rights in that suit and had the record brought up and the whole thing reviewed. Here, under these circumstances, we think unquestionably there could be no right to file the present bill of review.

The reasoning of the Supreme Court of Kansas in *Eaton v. Eaton,* 120 Kan. 477, 243 P. 1040, is applicable here. The Court said:

"Under all the authorities, service of civil process on a privileged person is not void; it is merely irregular, and because it is voidable only, a judgment rendered without due assertion of the privilege is valid. The rule is that the privilege must be claimed at as early a stage of the proceeding as possible. * * *

"* * * Instead of moving promptly, defendant allowed judgment to be taken, allowed the term to lapse, and then undertook to proceed as though the judgment were void. The result is he waived his privilege."

See also *Curtis v. Kyte,* 21 Tenn.App. 115, 106 S.W.2d 234.

It results that the decree of the Chancellor is affirmed with costs.

DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.

CRESON, JUSTICE, dissents.