IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 19, 2004 Session

# KAREN THOMAS v. ROBERT D. MAYFIELD, M.D., ET AL.

Appeal from the Circuit Court for Montgomery County
No. C13-175     James E. Walton, Judge

No. M2000-02533-COA-R3-CV - **Filed April 27, 2004**

This appeal challenges the trial court's dismissal of the Plaintiff's action, re-filed after the expiration of the initial statutory period of limitation. We affirm the trial court and deny Appellant's Motion for Transfer pursuant to Tennessee Code Annotated section 16-1-116.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed as Modified**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, and FRANK G. CLEMENT, JR., JJ., joined.

Donna Keene Holt, Knoxville, Tennessee, for the appellant, Karen Thomas.

Daniel Lynch Nolan, Jr., Jason Matthew Miller, Clarksville, Tennessee, for the appellee, Robert D. Mayfield, MD, Robert D. Mayfield, MD, PC.

## OPINION

This appeal results from a medical malpractice claim originally filed in Cumberland County, Tennessee in 1993. The suit remained pending in Cumberland County Circuit Court until July of 1997 when the plaintiff voluntarily nonsuited the claim. Pursuant to Tennessee Code Annotated section 28-1-105, the plaintiff had one year from the nonsuit to refile before the cause was time-barred. On the last day of the statutory period, July 1, 1998, the plaintiff filed suit in Montgomery County Circuit Court alleging the same previously nonsuited cause of action against Robert D. Mayfield, M.D. and Robert D. Mayfield, M.D., P.C. At the time the suit was refiled, Dr. Mayfield's practice had relocated to Erin, Tennessee in Houston County. The defendants filed a Motion to Dismiss for Improper Venue and answered, relying on improper venue. The trial court granted the motion on June 18, 1999.

The plaintiff filed motions to alter or amend and for additional factual findings which motions were denied by the trial court by order entered June 12, 2000.[1] The plaintiff filed her notice of appeal on October 9, 2000. Thirty-seven months after filing her notice of appeal Appellant, on November 3, 2003, filed her "Motion for Remand with Directions to Transfer" seeking to have this Court remand the case to the trial court with orders to transfer the case to the Circuit Court of Cumberland County pursuant to Tennessee Code Annotated section 16-1-116 (Supp. 2000).

This statute, effective May 23, 2000, was apparently passed in response to the invitation of the supreme court in *Norton v. Everhart*, 895 S.W.2d 317 (Tenn. 1995); *see Hawkins v. Dep't of Corrections*, 127 S.W.3d 749 (Tenn.Ct.App. 2002). Both *Norton* and *Hawkins* were cases involving lack of subject matter jurisdiction. In *Norton*, plaintiff had filed a pro se petition for writ of habeas corpus in the Morgan County Criminal Court. Subject matter jurisdiction of cases seeking to review the actions of a state agency is localized in the courts of Davidson County. *Tennessee Real Estate Comm'n v. Potts*, 428 S.W.2d 794 (Tenn. 1968). *Norton* held that no power existed in the Circuit Court of Morgan County to transfer the case to Davidson County. *Hawkins* involved a petition for writ of certiorari filed by an inmate of the West Tennessee State Penitentiary at Henning with the petition being filed in the Davidson County Circuit Court. The petition was dismissed by the Circuit Court of Davidson County for lack of subject matter jurisdiction under Tennessee Code Annotated section 41-21-801, et seq. with this Court affirming the action of the trial court on the basis that section 41-21-801 effectively localized transitory actions filed by state prisoners to the county in which the prison facility was located. Since Mr. Hawkins had filed his petition on November 8, 2000, subsequent to the effective date of Tennessee Code Annotated section 16-1-116, this Court chose to remand the case to the Circuit Court of Davidson County with instructions to transfer it to the appropriate court in the county in which the West Tennessee State Penitentiary was located.

Tennessee Code Annotated section 16-1-116 provides:

> Transfer of actions or appeals. -Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

---

[1] The trial court rendered an opinion on May 12, 2000 requesting the defendant to draft the final order. That order was entered on June 12.

Tenn.Code Ann. § 16-1-116 (Supp. 2000).

The statute does not distinguish between subject matter jurisdiction, *in personam* jurisdiction, and venue. In cases where venue has been localized in a particular county, the courts of Tennessee have long held that venue and subject matter jurisdiction are synonymous. *Inter-Southern Life Ins. Co. v. Pierce*, 161 Tenn. 346, 31 S.W.2d 692 (1930); *Nashville v. Webb*, 114 Tenn. 432, 85 S.W. 404 (1905); *Curtis v. Garrison*, 364 S.W.2d 933 (Tenn. 1963); *Norton v. Everhart*, 895 S.W.2d 317 (Tenn. 1995).

In general terms, our courts have maintained the clear distinction between subject matter jurisdiction, jurisdiction of the person and venue. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632 639 (Tenn. 1996); *Davis v. Mitchell*, 178 S.W.2d 889, 900 (Tenn.Ct.App. 1943).

Whether or not, in this case involving a transitory action not localized, the word "jurisdiction," as used in Tennessee Code Annotated section 16-1-116, is construed to mean both *in personam* jurisdiction and venue, is not necessary to a decision in this case though the separate nature of *in personam* jurisdiction as opposed to venue is very much alive and well. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 61 L.Ed.2d 464, 99 S.Ct. 2710 (U.S. 1979).

In this case, despite the fact that Tennessee Code Annotated section 16-1-116 became effective while this case was still in the bosom of the trial court,[2] no effort was ever made by Appellant to bring the statute to the attention of the trial court prior to filing of the notice of appeal on October 9, 2000 and, indeed, the statute is not relied upon by Appellant until the filing in this Court of her "Motion for Remand with Direction to Transfer" on November 3, 2003. The motion seeks transfer of the case to the Circuit Court of Cumberland County which, by the very allegations of the complaint, does not have venue since, on July 1, 1998, Robert D. Mayfield was admittedly not a resident of Cumberland County, Tennessee and, indeed, alleged by the complaint to be a resident of Montgomery County, Tennessee. This case was, for all practical purposes, concluded in the trial court before section 16-1-116 was enacted. No reason is evidenced by this record as to why the matter was not timely brought to the attention of the trial court which had the primary responsibility under Tennessee Code Annotated section 16-1-116 to determine whether or not any transfer would be "in the interest of justice" to be allowed to make such determination. Finally, the motion belatedly filed in this Court does not seek transfer to Houston County, where Dr. Mayfield insists that he resided on July 1, 1998, but rather seeks a transfer to Cumberland County, the one place in which venue cannot lie under the very allegations of the complaint.

If Tennessee Code Annotated section 16-1-116 were otherwise applicable under the time sequence in this case, Appellant has effectively waived her right to rely on the statute. Tenn. R. App. P. 36.

---

[2] The trial court had pronounced its judgment on May 12, 2000, but same was not entered until June 12, 2000. Tennessee Code Annotated section 16-1-116 became effective May 23, 2000.

The motion to remand is respectfully denied.

We must now determine whether or not the trial court erred in granting Appellee's Motion to Dismiss because of improper venue. Venue generally is governed by Tennessee Code Annotated section 20-4-101, et seq. Appellant asserts venue based on the alternative assertions that:

1.    At the time of filing suit in Montgomery County on July 1, 1998, Defendant was in fact a resident of Montgomery County.
2.    That if Defendant was not in fact a resident of Montgomery County, Tennessee on July 1, 1998, he was in fact "found" in Montgomery County, Tennessee at the time process was alleged to have been personally served upon Robert D. Mayfield on July 24, 1998.

Defendants, by both answer and Tenn. R. Civ. P. Rule 12.02(3) motion, challenge venue in Montgomery County.

It is first necessary to settle the standards to be applied in the trial court and on appeal when disposing of a Tennessee Rule of Civil Procedure 12.02(3) motion challenging venue. We start with the observation that a Rule 12.02(3) motion, unlike a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted, is not converted into a Tennessee Rule of Civil Procedure rule 56 motion by the receipt of extraneous evidence. *McKinney v. Widner*, 746 S.W.2d 699 (Tenn.Ct.App. 1987). While authority in Tennessee is sparse relative to this matter, Tennessee Rule of Civil Procedure 12.02(3) and Federal Rule of Civil Procedure 12(b)(1) are identical, thus making federal law persuasive in construing the Tennessee rule. *Gamble v. HCA*, 676 S.W.2d 340, 341 note 1 (Tenn.Ct.App. 1984); *March v. Levine*, 115 S.W.3d 892 (Tenn.Ct.App. 2003).

Two federal opinions are enlightening. First is *Osburn v. U.S.*, 918 F.2d 724 (8th Cir. 1990). This was a case involving subject matter jurisdiction in which the court on appeal held:

> Arguing that the court lacked subject matter jurisdiction, the government moved for summary judgment under Fed.R.Civ.P. 56 and so captioned its motion. In supporting exhibits and memoranda, the government urged that the statute of limitations barred the Osburns' claim. On appeal the government renewed, with the Osburns' concurrence, its argument that summary judgment standards should be applied to the review of the district court's decision.
>
> The district court rejected the government's characterization of its motion and explicitly treated the motion as one to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). 713 F.Supp. At 341 n. 2. The court did not restrict itself to deciding whether or not the jurisdictional issue presented a question for the trier of fact. Rather, the court carefully considered the whole record, consisting of numerous depositions and exhibits, then decided by a preponderance of the evidence that the Osburns' claim accrued more than two years before its filing and therefore failed to satisfy the jurisdictional requirement.

Because the district court looked to matters outside the pleadings on a motion that it construed as one for dismissal under Rule 12(b)(1), two questions arise: (1) What standard governs the district court's determination of a motion under Rule 12(b)(1) when matters outside the pleadings are considered; and, (2) What is the proper standard of review on appeal?

The district court was correct in recognizing the critical differences between Rule 12(b)(1), which governs challenges to subject matter jurisdiction, and Rule 56, which governs summary judgment. Rule 12 requires that Rule 56 standards be applied to motions to dismiss for failure to state a claim under Rule 12(b)(6) when the court considers matters outside the pleadings. Fed.R.Civ.P. 12(b) & (c); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (Motion under Rule 12(b)(6) raising matters outside pleadings is converted to a Rule 56 motion). Rule 12 does not prescribe, however, summary judgment treatment for challenges under 12(b)(1) to subject matter jurisdiction where a factual record is developed. Nonetheless, some courts have held that Rule 56 governs a 12(b)(1) motion when the court looks beyond the complaint. *In re Swine Flu Immunization Prod. Liab. Litig.*, 880 F.2d 1439, 1442-43 (D.C. Cir. 1989); *In re Swine Flu Prod. Liab. Litig.*, 764 F.2d 647, 642 (9th Cir. 1985). We agree, however, with the majority of circuits that have held to the contrary. *See, e.g., Mortensen*, 549 F.2d at 891 (disputed issues of material fact will not prevent trial court from deciding for itself merits of jurisdictional claims); *Mims v. Kemp*, 516 F.2d 21, 23 (4th Cir. 1975) (only motion under Rule 12(b) that can properly be converted to one for summary judgment is a motion filed under 12(b)(6)); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.) (district court has power to decide disputed factual issues in a motion under Rule 12(b)(1)), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986) (jurisdictional issue must be resolved before trial); *Wheeler v. Main Hurdman*, 825 F.2d 257, 259 (10th Cir.) (as a general rule, 12(b)(1) motion may not be converted to one for summary judgment), *cert. denied*, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987).

*Osburn v. U.S.*, 918 F.2d 724, 728-29 (8th Cir. 1990) (footnotes omitted).

The discussion by the Sixth Circuit Court of Appeals in *Ohio Nat. Life Ins. Co. v. U.S.* is likewise explanatory. This case also involved subject matter jurisdiction relative to a statute of limitations defense. Said the court:

However we characterize the IRS's motion to dismiss, it is apparent that the district court *resolved* the factual issue of whether a waiver had been filed. Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A *facial* attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand,

when a court reviews a complaint under a *factual* attack, as here, no presumptive truthfulness applies to the factual allegations. Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, *Federal Practice and Procedure* § 1364, at 662-64 (West 1969). When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist. In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).

Motions to dismiss under 12(b)(6) for failure to state a claim generally are distinct, procedurally and substantively, from motions to dismiss under 12(b)(1). When a party files a motion to dismiss under 12(b)(6), the district court is instructed to treat the motion as one for summary judgment if either party submits additional materials "outside the pleadings." The court therefore must take the plaintiff's allegations as true, and must also determine that no genuine issue of material fact exists when a Rule 56 motion is granted. Since a 12(b)(6) motion operates as a ruling on the merits, the Rule 56 conversion provides the non-moving party an additional safeguard.

*Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990).

While both *Osburn* and *Ohio Nat. Life Ins. Co.* dealt with subject matter jurisdiction, it is clear that the same rules apply to both in personam jurisdiction and venue. In *Leroy v. Great Western United Corp.*, 443 U.S. 173, 61 L.Ed.2d 464, 99 S.Ct. 2710 (U.S. 1979), the defendant appeared specially to contest both *in personam* jurisdiction and venue. Said the United States Supreme Court:

Without reaching either the merits or the constitutional question arising out of the attempt to assert personal jurisdiction over appellants, we now reverse because venue did not lie in the Northern District of Texas.

I

The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum. See generally C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3801, pp 5-6 (1976) (hereafter Wright, Miller & Cooper). On the other hand, neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties. *See Olberding v. Illinois Central R. Co.*, 346 U.S. 338, 340, 98 L.Ed. 39, 74 S.Ct. 83; *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 167-168, 84 L.Ed. 167, 60 S.Ct. 153, 128 ALR 1437. Accordingly,

when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue.

Such a justification exists in this case. Although for the reasons discussed in Part II, infra, it is clear that § 27 of the 1934 Act does not provide a basis for personal jurisdiction, the question whether personal jurisdiction was properly obtained pursuant to the Texas long-arm statute is more difficult. Indeed, because the Texas Supreme Court has construed its statute as authorizing the exercise of jurisdiction over nonresidents to the fullest extent permitted by the United States Constitution, resolution of this question would require the Court to decide a question of constitutional law that it has not heretofore decided. As a prudential matter it is our practice to avoid the unnecessary decision of novel constitutional questions. We find it appropriate to pretermit the constitutional issue in this case because it is so clear that venue was improper under either § 27 of the 1934 Act or under § 1391(b) of the Judicial Code.

443 U.S. 173, 180-181, 61 L.Ed.2d 464, 471-72 (footnotes omitted).

The only apparent difference in the application of these rules as to the question of venue rather than *in personam* jurisdiction is the question of where the burden of proof lies. *Moore's Federal Practice* asserts a division of authority on this question.

Plaintiff is not required to include in his complaint an allegation showing proper venue. Venue, unlike jurisdiction, involves a privilege personal to one defending a claim; and is waived unless timely objection is made. If the matter is properly raised who has the burden of establishing that venue is proper? Improper venue is an affirmative dilatory defense, and authority supporting this position places the burden of establishing improper venue upon the defendant. There is, however, authority that once the defendant has properly challenged venue, the burden of establishing proper venue is upon the plaintiff. This result is often reached without distinguishing between jurisdiction and venue. With deference, we suggest that this latter line of authority is unsound, except in limited situations. The Rules, as we have seen, treat improper venue as an affirmative dilatory defense; and, to our mind, properly so, as a general proposition. Normally, it is not too much to require one who would abate an action because of a privilege personal to himself to establish his privilege.

*Moore's Federal Practice*, Vol. 1A, sec. 0.340 [1.-4] (2nd ed.) (footnotes omitted).[3]

---

[3] Professor Moore does not distinguish between subject matter jurisdiction and *in personam* jurisdiction in this discussion. If his observations are sound then such observations should apply with equal vigor to both venue and *in personam* jurisdiction, since *Leroy v. Great Western United Corp.* observes that "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties." 61 L.Ed.2d at 472.

While Professor Moore prefers to cast the burden of proof upon the defendant as to venue it is to be noted that the division of authority on this question is wide spread with Tennessee Federal cases apparently joining those jurisdictions placing the burden of proof on the plaintiff. *Fayette v. Volkswagen of America, Inc.*, 273 F.Supp. 323 (W.D. Tenn. 1967); *Dixie Portland Flower Mills, Inc. v. Dixie Feed and Seed Co.*, 272 F.Supp. 826 (W.D. Tenn. 1965), *aff'd* 382 F.2d 830 (6th Cir. 1967).

The burden of proof question is academic in this case as the trial court accepted the proof offered by the defendant that he was not a resident of Montgomery County on July 1, 1998, and that he was not "found" in Montgomery County on July 24, 1998 when Plaintiff alleges that he was served with process while on the property of Robert K. Mayfield. Even if the defendant was in Montgomery County on July 24, 1998, this would not suffice to vest venue in the courts of Montgomery County.

> This was a transitory action, and section 8640 [T.C.A. 20-4-101] of the Code provides that such right of action "follows the person of the defendant, unless otherwise expressly provided." The chancery court in Hamilton county had no jurisdiction of this action until the defendant came into that county. His presence in the county conferred jurisdiction upon the court. It has been repeatedly said by this court that, under section 8640 [T.C.A. 20-4-101] of the Code, a transitory right of action follows the person of defendant into a particular jurisdiction–does not precede the defendant into that jurisdiction. If the defendant, instead of coming into Hamilton county from Georgia, had come into Hamilton county from another county of Tennessee, it is conceded the plea in abatement herein would have been good. *Carlisle v. Cowan*, 85 Tenn. 165, 2 S.W. 26, 28; *Haynes v. Woods*, 151 Tenn. 163, 268 S.W. 632; *Inter-Southern Life Insurance Co. v. Pierce*, 161 Tenn. 346, 31 S.W.2d 692.
>
> It is urged, however, that a different rule should be applied to nonresidents of the state. We cannot follow this argument. It is the presence of a defendant in the county that confers jurisdiction of such actions on the courts of that county. It is immaterial where the defendant comes from–whether another state or another county. If not in the county when sued, service of process on him at some later date, when he may come into the county, does not help the plaintiff. This is true because "the service of the summons relates back to the date of the issuance of the writ, and he is sued as of the day of the institution of the suit." *Carlisle v. Cowan, supra*.

*Hamilton Nat. Bank v. Watkins*, 110 S.W.2d 311, 312 (Tenn. 1937).

Contrary to Appellant's argument, the limited appearance filed on the defendants' behalf, the answer's assertions regarding residence and the motion to dismiss with supportive affidavits left no doubt that the venue of the Montgomery County Circuit Court was squarely at issue. Appellant cites *Faulks v. Crowder*, 99 S.W.3d 116, 126 (Tenn.Ct.App. 2002) for the proposition that the defense of insufficiency of process must be timely raised just as the venue objection must be timely asserted. *See also* Tenn.R.Civ.P. 12.02 and 12.08. However, the two year delay taken by the defendant in

*Faulks* is distinguishable from the facts at bar. In his answer, Dr. Mayfield affirmatively pled his residence in Houston County. By motion only sixty days later, the defendant Mayfield specifically raised improper venue as ground for dismissal. *See Toller v. City of Cookeville*, 952 S.W.2d 831, 835 (Tenn.Ct.App. 1997). Under the circumstances the trial court correctly concluded that the venue objection was raised in a timely fashion.

The trial court specifically found that Defendant's practice was outside of Montgomery County and that the defendant did not reside in Montgomery County. These findings were amply supported by the affidavits of the defendant as well as his testimony in the deposition taken for the limited purpose of determining propriety of venue. Despite Appellant's argument that the affidavit of independent service processor Joe Heatherly was not properly considered as establishing personal service, the trial court considered that affidavit as well as the affidavit and deposition testimony of Robert D. Mayfield, and determined, as is his province, the credibility to be assessed to each witness rendering testimony directly and by affidavit before the court. Consistent with our standard of review as established under Tenn. R. App. P. Rule 13(d), we cannot reverse these amply supported factual findings. *See Airline Constr. v. Barr*, 807 S.W.2d 247 (Tenn.Ct.App. 1990). The evidence does not preponderate against the finding of the trial court that the defendants were neither residents of Montgomery County nor found in Montgomery County on July 1, 1998. The case was properly dismissed because of improper venue. The decision of the trial court is affirmed in all respects. Appellant's renewed motion to amend the record is denied. Costs on appeal are taxed against Appellant for which execution may issue.

_____
WILLIAM B. CAIN, JUDGE